IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DANIELLE TAYLOR** )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>**REVATURE LLC** )<br>)<br>*Defendant.* )<br>_____ ) | Case No. 1:22-cv-1153-RDA-JFA |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND**

Defendant Revature LLC ("Revature") hereby submits this Opposition to Plaintiff's Motion to Amend, With an Attached Proposed Amended Complaint Providing a Chronological, Plain Statements of the Facts (Dkt. 39) ("Motion to Amend"). For the reasons stated below, the Motion to Amend should be denied.

**PROCEDURAL HISTORY**

1. Plaintiff filed her initial Complaint on October 13, 2022 asserting four claims under the ADA: (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; and (4) unequal terms and conditions. Dkt. 1.

2. On January 27, 2023, Revature moved to dismiss each of those claims. Dkt. 8.

3. On February 21, 2023, Plaintiff amended her Complaint under Rule 15(a)(1)(B) to add a Fifth Claim to the Complaint for a cause of action for "confidentiality" under 42 U.S.C. § 12112(d)(4)(c). Dkt. 16. Revature addressed the Fifth Claim as part of its initial Motion to Dismiss. Dkt. 18.

1

4. With the initial Motion to Dismiss still pending, Plaintiff requested and was given permission by the Court to add a Sixth Count alleging interference under the ADA. Dkt. 20, 24.

5. On April 5, 2023, Revature moved to dismiss the additional Sixth Count. Dkt. 27.

6. On April 18, 2023, Plaintiff, without leave of the Court, filed an "amendment" purporting to add a Seventh Count alleging an alternative Interference claim under the ADA as a "matter of course." *See* Dkt. 30.

7. Revature moved to strike the latter amendment because Plaintiff did not have consent of Revature or leave from the Court. Dkt. 34.

8. On September 28, 2023, the Court granted all three of Revature's pending motions, dismissed each of Plaintiff's claims, and provided Plaintiff 30 days to seek leave to amend again. Dkt. 38 (the "Dismissal Order").

9. Plaintiff filed her Motion to Amend on October 27, 2023. Dkt. 39. Contrary to Local Rule 7, the Motion did not contain any substantive legal argument, and no brief in its support was filed with the Court.

10. The Motion attached a "Concise statement of chronological FACT" (Dkt. 39-1), a separate document marked "Claims" (Dkt. 39-2) and third attachment which contains exhibits, including a previously filed Charge of Discrimination (Dkt. 39-3). Together, these three documents appear to make up Plaintiff's proposed amended complaint ("Proposed Amended Complaint").

11. The Proposed Amended Complaint asserts seven claims against Revature: (1) Discriminatory Discharge; (2) Failure to Accommodate; (3) Retaliation; (4) Hostile Environment; (5) Retaliation/Interference (6) Interference; and (7) Interference.

12.     For the reasons stated below, Revature respectfully requests that Plaintiff's Motion to Amend be denied and the Action dismissed with Prejudice.

## ARGUMENT

Although under Rule 15,[1] a court "should freely give leave [to amend] when justice so requires," such leave should be denied when the amendment would be futile.  An amendment is futile if it could not withstand a motion to dismiss.  *See, e.g., Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

In its Dismissal Order, the Court clearly identified the reasons for its dismissal of Plaintiff's prior claims.  Yet, Plaintiff's Proposed Amended Complaint does not remedy at least two of the fatal flaws identified by the Court— (1) the failure to exhaust administrative remedies; and (2) the failure to plead facts sufficient to establish the existence of a disability.  These flaws render each of the claims in the Proposed Amended Complaint as futile, without the need to dive into the precise details of each claim.[2]

---

[1] Arguably, Rule 15 does not govern Plaintiff's Motion to Amend. The Fourth Circuit recently clarified that an order is a final judgment if it dismisses each of the claims *and* does not expressly grant the plaintiff leave to amend. *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022). Because the Court's Dismissal Order dismissed each of Plaintiff's claims and did not grant her any leave to amend, it would seem fit that qualification. "[W]here a district court dismisses a complaint without prejudice and without giving leave to amend but a plaintiff would nonetheless like to amend her complaint . . . such a dismissal is final and appealable, and . . . a plaintiff may only amend her complaint by first filing a motion to reopen or to vacate the judgment under Rule 59 or Rule 60." *Id. See also Calvary Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 539 (4th Cir. 2013). Notably, when a plaintiff fails to request that a final judgment be opened or vacated under Rule 59(e) or Rule 60(b), the trial court cannot grant a post-judgment motion to amend under Rule 15. *See id.* at 541.

[2] Although Revature relies on these two arguments in this Opposition, it respectfully reserves the right to file a motion under Rule 12(b)(6) if Plaintiff's Motion to Amend is ultimately granted, in order to fully address, on a claim-by-claim basis, Plaintiff's failure to allege facts that would render the counts in amendment plausible.

A.  **Plaintiff Has Failed to Exhaust her Administrative Remedies for Her Retaliation and Interference Claims.**

In the Dismissal Order, the Court stated, "[a] plaintiff is barred from bringing a claim for retaliation in court when her charge alleges discrimination but fails to check the box or raise a claim for retaliation in the narrative." Dkt. 38 at 15 (citing *Potter v. SunTrust Bank*, 2014 WL 5410634, at *6 (E.D. Va. 2014)). Applying that rule to Plaintiff's Charge, this Court held:

> Here, Plaintiff failed to exhaust her retaliation claim. In her EEOC Charge, Plaintiff failed to select the box for retaliation. Additionally, in the narrative section of Plaintiff's EEOC charge, she described her claims specifically as "hostile environment and failure to provide a reasonable accommodation," but did not mention retaliation. Dkt. 1-1 at 7. Thus, the Court finds Plaintiff's EEOC Charge did not put Defendant "on notice of" Plaintiff's ADA retaliation claim as it did not contain allegations describing retaliation.

*Id.* (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005)).

Despite this holding, in Plaintiff's Proposed Amended Complaint, in Counts 3, 5, 6 and 7, she still alleges four separate claims for retaliation and interference (presumably under the Americans with Disabilities Act ("ADA") even though the ADA is not mentioned in her Proposed Amended Complaint). *See* Dkt. 39-2.

Based on the Court's reasoning, Plaintiff cannot assert these claims in this Court, unless she can first demonstrate that she timely filed a separate charge of discrimination with the EEOC that preserved such claims. Plaintiff has not done so. In fact, as part of her Proposed Amended Complaint, Plaintiff has attached the very same Charge which the Court already ruled was insufficient to grant her standing to bring such claims. *See* Dkt. 39-3 at 11 – 33 of 36 (same as Dkt. 1-1 at 6 – 28 of 31).

Because Plaintiff did not exhaust administrative remedies for interference or retaliation claims, Counts 3, 5, 6, and 7 of the Proposed Amended Complaint are futile.

4

**B.      Plaintiff's Remaining Claims are Futile Because She Has Failed to Plead an Essential Element of Her Claim – That She Was a Qualified Person with a Disability.**

As the Court noted in its prior Order, to state a non-retaliation claim under the ADA, a plaintiff needs to plead that she is "qualified individual with a disability." Dkt. 38 at 10 (quoting *Rohan v. Network Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004)). The Court rejected that Plaintiff had pled actual disability, had a record of disability, or was regarded as disabled.

In rejecting Plaintiff's argument that she had pled an actual disability, the Court stated:

> When analyzing whether a plaintiff has pleaded a disability, courts routinely analyze whether a plaintiff has alleged a physical or mental impairment and whether that impairment limits one or more major life activities. Plaintiff alleges in her Complaint that her disability is "communication," which does refer to a major life activity, but that does not adequately describe or specify any physical or mental impairment. Dkt. 1 at 4. Further, in Plaintiff's EEOC Charge that was attached to her Complaint,8 Plaintiff stated that she had a "need to use written word for learning and communication purposes," Dkt. 1-1 at 8, <u>but Plaintiff does not allege any medical condition that limits her ability to communicate. In fact, her Complaint is devoid of any reference to a particular disability or disabilities</u>. Thus, Plaintiff has failed to allege sufficient facts to establish that any issues she has with "communication" qualify as a disability under the ADA, which is grounds for dismissal.

Dkt. 38 at 11 (emphasis added and case citations omitted). As best as can be discerned, Plaintiff's only attempt to address actual disability in the Proposed Amended Complaint, is an oft repeated allegation that:

> Plaintiff has received medical treatment for a disability that restricts her ability to communicate and specifically impairs her use of vocal speech.

Dkt. 39-1 at 1, 39-2 at 1, 4.

This clearly does not remediate the issue identified by the Court. Despite the Court's Order, Plaintiff still does not allege that she has any specific medical condition that limits her ability to communicate. She has simply, in conclusory fashion, stated that she has a disability that affects her speech. This is not sufficient.

Additionally, Plaintiff does not allege any specific facts that would establish her unidentified condition *substantially* limits her vocal speech. Quite simply, the Proposed Amended Complaint still does not adequately allege an actual disability.

Nor does the Proposed Amended Complaint establish a "record of disability." Previously, the Court rejected such a claim because "Plaintiff has failed to allege any facts identifying a physical or mental impairment in her Complaint or provide any medical documentation of a physical or mental impairment." Dkt. 38 at 13. Plaintiff's Proposed Amended Complaint still does not identify any physical or mental impairment for which she previously has received treatment or attach any medical documentation to support a claim that she previously was treated for disability.

Lastly, the Court previously rejected a "regarded as" disability claim because Plaintiff failed to adequately allege that Revature viewed her as unable to work in the industry generally or viewed her as substantially limited in her ability to do her job as a result of any medical impairment. *Id.* As best as can be discerned, Plaintiff has not added any allegations in the Proposed Amended Complaint that would affect the Court's analysis on a regarded as claim.

In sum, because Plaintiff's Proposed Amended Complaint still does not adequately allege that she is disabled under the ADA, her non-retaliation claims in Counts 1, 2, and 4 of that document are futile.

## **CONCLUSION**

For the foregoing reasons, Defendant Revature respectfully requests that the Court enter an Order finding that (i) all of Plaintiff's proposed claims in the Motion to Amend are futile and thus her motion should be denied; and (ii) dismissing the instant Action with prejudice.

Dated: November 13, 2023            Respectfully submitted,

      /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of November 2023, I served the foregoing via the ECF system and by first-class mail upon the following:

      Danielle Taylor
      3622 Old Silver Hill Road, #908
      Suitland, MD 20746

      Plaintiff, *pro se*

        /s/ Micah E. Ticatch
      Micah E. Ticatch
      ISLER DARE, P.C.
      1945 Old Gallows Road. Suite 650
      Vienna, Virginia 22182
      Phone: (703) 748-2690
      Facsimile: (703) 748-2695
      eisler@islerdare.com

      *Counsel for Defendant Revature LLC*