IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**Danielle Taylor**

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| Vs. | ) | |
| | ) | # 1:22-cv-1153 |
| **Revature LLC.** | ) | |
| | ) | |
| *Defendant* | ) | |

### MEMORANDUM SUPPORTING DISCIPLINE

I. INTRODUCTION

This Court should take disciplinary action against Defendant's Attorney. The record shows per se violations to the Virginia Rules of Professional Conduct. The rules that were violated include, but may not be limited to, the following: (1) Rule 1.1; (2) Rule 3.1; (3) Rule 3.3; and (4) Rule 3.4.

II. FACTUAL AND PROCEDURAL BACKGROUND

On September 28th, 2023, this Court entered a Memorandum Opinion and Order on this docket number. The Memorandum Opinion and Order rejected Defendant's repeated demands to have the case dismissed with prejudice. The Court instead ordered dismissal without prejudice.

The Order granted a specific amount of time for Plaintiff to amend. Plaintiff made the amendment and a more concise statement of facts per the Court's Order. On November 13, 2023,

1

Defendant's Attorney filed a Memorandum in Opposition to Plaintiff's Motion to Amend. Part of Defendant's argument relied entirely on an erroneous citation from the Court's September 28th Memorandum Opinion and Order.

Instead of correcting the Court's clear error, or merely focusing on actually applicable authority, Defendant's Attorney attempted to compound an obvious mistake as controlling precedent. Defendant's Attorney chose not to engage with anything Plaintiff wrote in her amendment. Also on November 13, 2023, Defendant continued to argue for dismissal, despite the Court's previous order.

### III. ARGUMENT

#### A. JURISDICTION

The Attorney for Defendant is bound by the Virginia Rules of Professional Conduct. According to Local Civil Rule 83.1, the Ethical Standards of this Court are Section II Of Part Six, Rules of the Virginia Supreme Court. All attorneys before this Court, pursuant to Local Civil Rule 83.1, are subject to disciplinary action for violations of the Virginia Rules of Professional Conduct.

#### B. Defendant's Attorney violated Rule 1.1 in the November 13, 2023 filing by failing to show competent inquiry into the legal elements.

On page 16 of the Virginia Rules of Professional Conduct, Comment 5 covers thoroughness and preparedness. Competent handling of a matter includes inquiry into and analysis of the factual and legal elements of the problem. The comment also talks about competence as using methods and procedures meeting the standards of competent practitioners.

2

In the November 13, 2023 filing, Attorney cited one case for superfluously debated 'ADA Definitions'. Although this Court had mistakenly cited the case in the order, the Attorney had an obligation to know this case could not serve as the legal basis for any competent argument.

The Rohan case is based on analysis that was literally abrogated by Congress.

### C. Defendants Attorney violated Rule 3.1 in the November 13, 2023 filing by controverting the Rohan case as valid precedent and as a basis for continued argument for a prejudiced dismissal.

Rule 3.1 states a lawyer shall not bring it to defend proceeding or assert/controvert an issue unless there is a legal or factual basis that is not frivolous.

There was no proper factual or legal basis for the Defendant to continue arguing for dismissal with prejudice. By presenting the Rohan case has applicable law, Defendant controverted the ADA issue without any valid legal or factual basis. The violation is compounded because the Attorney used the misrepresentation of the law as a basis for continued argument asking the Court for prejudiced dismissal. Attempting to relitigate an issue the Court had already decided, without a legitimate legal or factual basis, is frivolous and a bad faith argument.

The Rule 3.1 comments contemplate such scenarios as what is before you now. In reading both Comment 1 & 2, the Court should consider how the attorney's actions have already improperly delayed the proceedings. The Court should also consider how the attorney's actions attempted to gain an unfair advantage for their client rather than making good faith arguments.

### D. Defendants Attorney violated Rule 3.3 by making a misleading argument for prejudiced dismissal based on non applicable authority

The rule of Candor should be the most important to the Court. In the November 13, 2033 filing, Defendant's attorney doubled down on the Court's obvious error. Defendant Attorney's

3

reliance on inapplicable case law should be seen and addressed for what it is. Attorney did both, a failure to disclose controlling legal authority that was directly adverse to their client's position and a false statement of law to the tribunal.

Defendant's attorneys are allegedly specialized in employment law, and local practitioners. Have they not litigated since the ADAA was passed? Don't 'specialized' attorneys need to actually be specialized? There is no excuse that this Court should accept from Defendant's attorneys.

The Virginia State Bar contemplated a situation just like what is before you now. In the Rules of Professional Conduct, Comment 4, in Page 178, there is a discussion of misleading arguments. Particularly important is the notion that tribunals depend on attorneys to present fully informed applicable law arguments. This is so the Court can make fair and accurate determinations of the matter before it.

Defendant's attorney had a duty to at least recognize the correct standard law. The Court has the heavy burden of Judgement and relied on attorneys to be honest arguers. Candor has real practical importance. Courts are heading the widest breadth of issues. Dishonesty makes the Court's gargantuan job a lot harder.

This is especially bad because I'm a pro se Plaintiff. It's understandable that the opposing attorneys would get weight granted to their filings because they are professionals- it's disappointing that Defendants' attorney failed the Court in this way.

### E. **Defendant's Attorney violated Rule 3.4 with the November 13, 2023 filing by continuing to seek prejudiced dismissal without legal justification.**

I cannot write this section in a way that is emotionally removed because this is my actual life that is impacted. I'm just going to call the Court's attention to it.

4

## IV. **CONCLUSION**

Taking the document and the docket as a whole, there may be more violations but I have to take off work to write these documents. I have to stop writing here because I have to work for money.

I'm asking the Court to take appropriate disciplinary measures. I think Defendants attorneys should pay me back for the new filing fee and for the lost hours of work.

Very respectfully , I'm here against all odds.  It's bad enough the Court made a mistake but the Defendant's attorney isn't operating by the rules and is making the process more difficult for me. If there is something specific the Court thinks I should specify more definitely , something that is needed to make the probable cause order, please order Plaintiff to make a more definite statement on the specific area before making a determination. Similarly, please afford liberal construction if there is an error, allow me the opportunity to try and fix it or explain why I took the action.  I am making an effort to follow all rules, unlike the Defendant. I'm not asking the Court to be my advocate , I'm just asking for an equitable hearing.