IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**Danielle Taylor**
*Plaintiff*               )
Vs.                       )
                          )    # 1:22-cv-1153
**Revature LLC.**         )
*Defendant*

---

## MEMORANDUM SUPPORTING VACATUR

### I. INTRODUCTION

**Pursuant to** F.R.C.P. 60(b), this Court should vacate the Memorandum Opinion and Order from September 28, 2023. As set in detail below, the Court's prior dismissal bestowed improper authority to an ADA case, resulting in a clear error of law. The Court also abused its discretion when it struck Plaintiff's filing for failure to follow a Local Rule because the Court could have ordered Plaintiff to take corrective action , issuing admonishment, and because the actual attorneys were only given admonishment for a similar local rule violation. The decision should also be vacated because there is a good faith argument with respect to what Plaintiff tried to do with the interference amendment. Furthermore, the decision should also be vacated because the judgment was fully satisfied and it's not equitable to apply it prospectively.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2023, this Court granted Defendant's many motions to dismiss in part by dismissing the Plaintiff's case without prejudice. Although the Defendant wanted the Court to

1

dismiss with prejudice, the Court granted the option to amend with a more concise statement of facts, or appeal to the Fourth Circuit Court of Appeals. Plaintiff chose to amend with a more concise statement of facts. On May 15, 2024, this Court issued an order granting Plaintiff's proposed amended Complaint. Plaintiff filed the amended Complaint in a new docket on May 24, 2024.

## III. ARGUMENT

### A. STANDARD OF REVIEW

According to the United States Court of Appeals for the Fourth Circuit, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Rule 60(b)(1) provides that a final order and judgment may be vacated because of mistake or excusable neglect. Rule 60(b)(5) provides that a final order and judgment may be vacated because the judgment has been satisfied and applying it prospectively is not equitable. Rule 60(b)(6) is a catch all provision for any reason that justifies relief.

### B. TIMELINESS

This Court has jurisdiction to Vacate. Rule 60(c)(1) covers issues of timelines for motions made under Rule 60(b). The rule is: motions to vacate should be made within a year of the judgment, order, or proceeding. Plaintiff's motion to vacate was filed on May 24, 2024. The requested vacatur concerns the Court's Memorandum Opinion and Order from September 28, 2023. This time frame is well within the defined limit of one year.

### C. BECAUSE THE COURT MADE AN ADA MISTAKE BY RELYING ON INAPPLICABLE LAW, RULE 60(B)(1) SHOULD BE APPLIED TO VACATE THAT ADA PORTION.

2

The Memorandum Opinion and Order from September 28, 2023, contained a clear error. In other words, there was a mistake in the Court's reasoning. The Court used *Rohan v. Networks Presentations LLC* to initiate it's reasoning on the question of whether Plaintiff is a qualified individual with a disability.

Rohan is no longer good case law, and hasn't been for many years. Using an inapplicable standard to analyze the ADA, this Court bestowed improper authority to Plaintiff's case. This mistake invalidates the Court's section on the ADA.

It was also a mistake to withhold Plaintiff's specification that her disability involves impaired vocal speech, and that she did not merely state she has a communication disability. The vocal speech specification is an important fact- it was stated in the original filing and should have made it into the Memorandum Opinion and Order from September 28, 2024.

### D. 60(B)(1) SHOULD BE USED TO VACATE PLAINTIFF'S NEGLECT OF THE LOCAL RULE BECAUSE NEGLECT WAS EXCUSABLE.

Plaintiff is not proud of the fact that she failed to properly adhere to local rules before filing her response which required leave. However, the memo was trying to explain why justice is so required; the very purpose of the local rule itself. Very respectfully, this Court should have addressed the issue with a warning, a formal admonishment and order for corrective action, the same way opposing counsel was excused for failing to follow a Local Rule with respect to the Roseboro. Both parties failed to file a necessary document that could have resulted in identical consequences - the filings being struck from the record.

The Court could have struck opposing counsel's filing because they failed to file a local rule. Instead, this Court looked upon their neglect as excusable, even though these people are allegedly specialized, local practitioners. Plaintiff is a non-attorney, pro se litigant who made a

3

similar mistake albeit faced the harshest action. It seems Opposing Counsel was judged as a non-lawyer pro se litigant, and Plaintiff was judged as the specialized local practitioner.

### E. <u>60(B)(6) SHOULD BE USED TO VACATE THE 15(A) RULING FROM 9/28/23 BECAUSE THERE IS A GOOD FAITH ARGUMENT THAT MATTER OF COURSE WAS PROPER PURSUANT TO THE FRCP.</u>

Plaintiff sought leave and was granted leave to amend, creating a new pleading of interference, where interference wasn't listed on the claims section of the original lawsuit . On April 4, 2023, Plaintiff served Defendant and the Court with the new pleading. The amendment, properly obtained by requesting leave, was a new pleading that compelled the Defendant to respond. The amendment for the interference claim should have been valid because interference wasn't part of the lawsuit when amendment on the previous pleading happened.

The Court skipped over 15(a)(1) entirely and went directly to 15(a)(2). The Rule says a party may amend its pleading once, and then it goes on to differentiate between types of pleadings. It doesn't say that a party may make one amendment per case. The analysis that one amendment per case is the rule is actually not in the rules. I can understand the benefits for the 'systems' side of expanding the rule to one amendment as a matter of course per case but it is indeed an expansion of the FRCP. Very respectfully , I think there is room for nuance, and the procedure of this docket presents a good case to explore the issue. The Memorandum Opinion and Order from September 28, 2023 ignored the substance I was trying to raise.

Moreover, the Memorandum Opinion and Order from September 28, 2023 on the 15(a) issue - the way it's being used now is a miscarriage of justice. Consider the Morris v. GITSIT case. The procedural steps in my case don't match the procedural steps in Morris's case. I obtained leave from the Court which resulted in a new pleading. Morris didn't seek leave. I don't understand

4

why my case was cited the way it was in the two recent opinions. It's an apples to oranges comparison on the inference reasoning too- I had an argument with my pleadings on 15(a).

### F. <u>60(B)(5) SHOULD BE USED TO VACATE THE RULING FROM 9/28/23 BECAUSE THE JUDGEMENT HAS BEEN SATISFIED AND APPLYING IT PROSPECTIVELY IS NOT EQUITABLE</u>

On May 15, 2024, Judge Porter issued an order stating "Plaintiff has satisfied the Court's opinion and order". FRCP Rule 60(b)(5) allows vacatur when a judgment is satisfied or when application is no longer equitable. Given: Plaintiff has (1) filled a new docket on May 24, 2024; (2) this Court's order from May 15, 2024 order stating satisfaction ; (3) the citation of non applicable law for ADA claims from the September 28, 2023 order ; (4) Plaintiff receiving harshest treatment where opposing counsel was excused for similar conduct ; (5) that the Court provided no recognition of the 15(a) issue raised by plaintiff, this Court has wide authority to vacate the entire Memorandum Opinion and Order from September 28, 2023.

### IV.  <u>CONCLUSION</u>

For these reasons, Plaintiff requests the Court to Vacate the Memorandum Opinion and Order from September 28,2023 in its entirety.

Very respectfully , I'm here against all odds.  It's bad enough the Court made a mistake but the Defendant's attorney isn't operating by the rules and is making the process more difficult for me. If there is something specific the Court thinks I should specify more definitely , something that is needed to facilitate the Court's assessment, please order a more definite statement on the specific area before making a determination. Similarly, please afford liberal construction if there is an error, allow me the opportunity to try and fix it or explain why I took the action.  I am making an

effort to follow all rules, unlike the Defendant. I'm not asking the Court to be my advocate, I'm only asking for an equitable hearing.