IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIELLE TAYLOR )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>REVATURE LLC )<br>)<br>*Defendant.* )<br>) | Case No. 1:22-cv-1153-RDA-WBP |

**MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR DISCIPLINARY ENFORCEMENT**

Defendant Revature LLC ("Revature") hereby submits this Opposition to Plaintiff's Motion for Disciplinary Enforcement (Dkt. 45) ("Motion for Discipline"). For the reasons stated below, the Motion for Discipline is frivolous and should be denied.

**PROCEDURAL HISTORY**

1. Plaintiff filed her initial Complaint on October 13, 2022, asserting four claims under the ADA: (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; and (4) unequal terms and conditions. (Dkt. 1).

2. On January 27, 2023, Revature moved to dismiss each of those claims. (Dkt. 8).

3. On February 21, 2023, Plaintiff amended her Complaint under Rule 15(a)(1)(B) to add a Fifth Claim to the Complaint for a cause of action for "confidentiality" under 42 U.S.C. § 12112(d)(4)(c). (Dkt. 16.) In its Reply Brief to the Motion to Dismiss, Revature then addressed the Fifth Claim. (Dkt. 18).

4. With the initial Motion to Dismiss still pending, Plaintiff requested and was given permission by the Court to add a Sixth Count alleging interference under the ADA. (Dkt. 20, 24).

1

5. On April 5, 2023, Revature moved to dismiss the additional Sixth Count. (Dkt. 27).

6. On April 18, 2023, Plaintiff, without leave of the Court, filed an "amendment" purporting to add a Seventh Count alleging an alternative Interference claim under the ADA as a "matter of course." (*See* Dkt. 30).

7. Revature moved to strike the purported Seventh Count amendment because Plaintiff did not have consent of Revature or leave from the Court. (Dkt. 34).

8. On September 28, 2023, the Court granted all three of Revature's pending motions, dismissed each of Plaintiff's claims, and provided Plaintiff 30 days to seek leave to amend again. (Dkt. 38 (the "Dismissal Order")).

9. Plaintiff filed a Motion to Amend on October 27, 2023 (Dkt. 39) to which she attached her proposed Amended Complaint comprised of two documents (Dkt. 39-1 and 39-2) along with several exhibits (Dkt. 39-3).

10. Revature timely and properly filed an Opposition to the Motion to Amend (Dkt. 41) on the grounds that the proposed Amended Complaint was futile in that it failed to address certain deficiencies that had been identified by the Court in the Dismissal Order.

11. On May 15, 2024, the Court granted Plaintiff's Motion to Amend and "ORDERED that Plaintiff is directed to file her Amended Complaint (ECF No. 39-1) with the Clerk's office as a new docket entry." (Dkt. 44).

12. Despite being granted the relief requested by her Motion to Amend, Plaintiff has not followed the Court's direction and refiled her Amended Complaint. Instead, Plaintiff filed two other motions – the instant Motion to Vacate the Dismissal Order and a Motion for Discipline (Dkt. 45). Both of these motions lack a credible basis and appear to be asserted for improper purposes.

13.     Further, in searching the Court docket, Defendant has become aware that Plaintiff, rather than filing the Amended Complaint as a new docket entry, as directed by the Court, has instead filed her Amended Complaint as a new action, also captioned *Danielle Taylor v. Revature LLC*, and assigned Case No. 1:24-cv-00880-PTG-LRV.  Below is a screenshot of a portion of that new filing reflecting both case numbers:

Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 1 of 52 PageID# 9
Case 1:22-cv-01153-RDA-WBP   Document 39-1   Filed 10/27/23   Page 1 of 8 PageID# 266

*Amended Facts*
**Concise statement of chronological FACTS**

As there has been no Summons issued in that matter and Revature has not been served in that matter, no response on the part of Revature is yet due.

14.     For the reasons stated below, the Motion for Discipline (Dkt. 45) should be denied.

## ARGUMENT

A.     **The Court Did Not Err in Citing *Rohan v. Networks Presentations LLC*.**

Plaintiff's entire Motion for Discipline appears to be premised on the assertion that the Plaintiff argues that the Dismissal Order contains a "mistake in the Court's reasoning" because it cited to *Rohan v. Networks Presentations LLC* a single time in its 23-page Dismissal Order.  (*See* Dkt. 49 at 3.)  The single citation by the Court to *Rohan* was on page 10 of the Dismissal Order in the following paragraph:

> As a preliminary matter, for an ADA claim to survive a motion to dismiss, Plaintiff must adequately allege that she is a "qualified individual with a disability." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004). The ADA defines a disability as (1) "a physical or mental impairment that substantially limits one or more major life activities" (actual disability); (2) "a record of such an impairment" (record-of disability); or (3) "being regarded as having such an impairment" (regarded-as disability). *Schneider v. County of Fairfax*, No. 1:22-cv-871 (LMB/WEF), 2023 WL 2333305, at *4 (E.D. Va. Mar. 2, 2023). Although

3

> Plaintiff "does not have to provide extensive detail as to [her] medical condition," she must "plead a disability claim 'above a speculative level.'" *Hice v. Mazzella Lifting Technologies, Inc.*, 589 F. Supp. 3d 539, 547 (E.D. Va. 2022).

(Dkt. 38 at 10-11) (emphasis added).

The proposition for which the Court cited to *Rohan* – that a plaintiff "must adequately allege that she is a 'qualified individual with a disability'" to survive a motion to dismiss – remains good law. *See, e.g., Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 169 (4th Cir. 2024); *Akbar-Hussain v. ACCA, Inc.*, 2017 WL 176596, at *3 (E.D. Va. 2017); *Nash v. Braswell Foods*, 2017 WL 810288, at *6 (E.D. Va. 2017).

Plaintiff makes no coherent argument to the contrary. As best as can be discerned, Plaintiff is referencing that some courts have called into question whether certain aspects of the *Rohan* holding are still applicable since the passage of the ADA Amendments Act of 2008 ("ADAAA"). Specifically, in *Rohan*, the plaintiff alleged that she had difficulty interacting with others on sporadic occasions typically lasting no more than 30 minutes when she felt that her coworkers did not believe that she had been sexually abused as a child. The Fourth Circuit found that these episodes this did not constitute a disability because "[i]ntermittent manifestations of an illness are insufficient to establish a substantial limitation on a major life activity." *Id.* at 276.

In the ADAAA, Congress specifically addressed medical conditions that result in episodic or sporadic limitations (such as epileptic seizures) and confirmed that under the ADA, a person with a chronic impairment whose symptoms are episodic can be considered as having disability even if the symptoms only substantially limit a major life activity when they are in an active state (again, such as seizures). It is unknown whether the plaintiff in *Rohan* would be considered disabled under the ADAAA definitions given the facts of that case, but the holding that sporadic

4

or episodic flareups of a condition do not constitute a substantial limitation on a major life activity would appear to longer be good law.

However, the mere fact that this aspect of the holding in *Rohan* appears to have been superseded by legislative mandate does not render it improper for the Court (or a party) to cite the portions of the *Rohan* opinion that remain good law, especially as it pertains to the general principle that a plaintiff must establish the presence of a disability in order to survive a motion to dismiss her ADA claim. In fact, courts, including the Fourth Circuit, continue to cite *Rohan* to this day. *See, e.g., Kelly*, 90 F.4th at 169; *Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 172 (4th Cir. 2024); *Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 365 (4th Cir. 2022).

In sum, Plaintiff's suggestion that the Court erred in citing *Rohan* lacks any basis.

**B.**   **Counsel for Revature Did Not Violate Ethical Rules By Quoting The Court's Citation of *Rohan* in its Opposition to Plaintiff's Motion to Amend.**

As shown specifically below, Plaintiff's Memorandum in Support of her Motion for Discipline appears to be premised on the argument that counsel for Revature violated Rules 1.1, 3.1, and 3.3 of the Virginia Rules of Professional Conduct by referencing *Rohan* in its Opposition to Plaintiff's Motion to Amend. For example:

> Dkt. 46 at 2-3 (suggesting violation of Rule 1.1 because "[i]n the November 13, 2023 filing Attorney [sic] cited one for superfluously debated 'ADA Definitions'");
>
> Dkt. 46 at 3 (arguing violation of Rule 3.1 because "[b]y present [sic] the Rohan case has [sic] applicable law, Defendant controverted the ADA issue without any legal or factual basis.");
>
> Dkt. 46 at 3-4 (arguing violation of Rule 3.3 because "Defendant's attorney doubled down on the Court's obvious error. Defendant Attorney's reliance on inapplicable case law should be seen and addressed for what it is.").

In reality, Revature's Opposition brief only mentioned *Rohan* on a single occasion on page 5 of the brief, which stated:

5

> As the Court noted in its prior Order, to state a non-retaliation claim under the ADA, a plaintiff needs to plead that she is "qualified individual with a disability." Dkt. 38 at 10 (quoting *Rohan v. Network Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004)). The Court rejected that Plaintiff had pled actual disability, had a record of disability, or was regarded as disabled.

(Dkt. 41 at 5.)

Thus, Revature's only mention of *Rohan* was to restate a portion of the Court's Dismissal Order and, in citing that Order, to note that the Court had quoted the *Rohan* case in its ruling. As demonstrated above, the Court's citation to *Rohan* was clearly proper, and correspondingly Revature's citation to the Court's correct statement of the law was also clearly proper.

Plaintiff's suggestion to the contrary – that the quotation of the Court's Dismissal Order somehow violated multiple Rules of Professional Conduct – is, frankly, preposterous and lacks any good faith basis in law or in fact.[1]

**C.   Counsel for Revature Did Not Violate Ethical Rules by Requesting a Dismissal With Prejudice of Plaintiff's Claims.**

In her final allegation directed at Revature's attorneys, Plaintiff alleges that Counsel violated Rule 3.4 by seeking to have her claims dismissed with prejudice. The entirety of her argument is as follows:

> E. **Defendant's Attorney violated Rule 3.4 with the November 13, 2023 filing by continuing to seek prejudiced dismissal without legal justification.**
>
> I cannot write this section in a way that is emotionally removed because this is my actual life that is impacted. I'm just going to call the Court's attention to it.

(Dkt. 46 at 4).

---

[1] Should Plaintiff choose to continue to file these types of frivolous motions against Revature and its counsel, Defendant may have no option but to move for sanctions and attorneys fees under either Rule 11 or 28 USC § 1927. *See, e.g., Zamora v. Enterprise RAC of Maryland, LLC*, 2020 WL 7488200 (E.D. Va. 2020), *aff'd,* 2021 WL 4473395 (4th Cir. 2021).

As an initial point, there is nothing ethically improper about a defendant asking the court to dismiss a plaintiff's claim with prejudice. A district court in this Circuit may use its discretion to dismiss claims with prejudice even on an initial motion to dismiss. *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196 (4th Cir. 2022) ("In the Fourth Circuit, district courts are not required to give plaintiffs one without-prejudice ruling on the merits before dismissing with prejudice.").

Moreover, a district court in its discretion can deny a post-dismissal motion to amend when, among other reasons, the amendment would be futile. *See id.* at 197. Here, for the reasons set forth in Revature's Opposition (Dkt. 41), there were clear grounds for Revature to argue that the proposed Amended Complaint suffered for many of the same defects as the initial Complaint. Consequently, Revature's request for a denial of Plaintiff's amendment and dismissal with prejudice was both proper and certainly did not violate any ethics rules.

In summary, Counsel did not violate any ethical rules in its Opposition to the Motion to Amend and Plaintiff's baseless Motion for Discipline should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Revature respectfully requests that the Court deny Plaintiff's baseless Motion for Discipline.

Dated: June 7, 2024                              Respectfully submitted,

   /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2024, I served the foregoing via the ECF system and by first-class mail upon the following:

>Danielle Taylor
>3622 Old Silver Hill Road, #908
>Suitland, MD 20746
>
>Plaintiff, *pro se*

>       /s/ Micah E. Ticatch
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road. Suite 650
>Vienna, Virginia 22182
>Phone: (703) 748-2690
>Facsimile: (703) 748-2695
>eisler@islerdare.com
>
>*Counsel for Defendant Revature LLC*