IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DANIELLE TAYLOR** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:22-cv-1153-RDA-WBP |
| ) | |
| **REVATURE LLC** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO VACATE**

Defendant Revature LLC ("Revature") hereby submits this Opposition to Plaintiff's Motion to Vacate (Dkt. 48) ("Motion to Vacate"). For the reasons stated below, the Motion to Vacate should be denied.

**PROCEDURAL HISTORY**

1. Plaintiff filed her initial Complaint on October 13, 2022, asserting four claims under the ADA: (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; and (4) unequal terms and conditions. (Dkt. 1).

2. On January 27, 2023, Revature moved to dismiss each of those claims. (Dkt. 8).

3. On February 21, 2023, Plaintiff amended her Complaint under Rule 15(a)(1)(B) to add a Fifth Claim to the Complaint for a cause of action for "confidentiality" under 42 U.S.C. § 12112(d)(4)(c). (Dkt. 16.) In its Reply Brief to the Motion to Dismiss, Revature then addressed the Fifth Claim. (Dkt. 18).

4. With the initial Motion to Dismiss still pending, Plaintiff requested and was given permission by the Court to add a Sixth Count alleging interference under the ADA. (Dkt. 20, 24).

1

5. On April 5, 2023, Revature moved to dismiss the additional Sixth Count. (Dkt. 27).

6. On April 18, 2023, Plaintiff, without leave of the Court, filed an "amendment" purporting to add a Seventh Count alleging an alternative Interference claim under the ADA as a "matter of course." (*See* Dkt. 30).

7. Revature moved to strike the purported Seventh Count amendment because Plaintiff did not have consent of Revature or leave from the Court. (Dkt. 34).

8. On September 28, 2023, the Court granted all three of Revature's pending motions, dismissed each of Plaintiff's claims, and provided Plaintiff 30 days to seek leave to amend again. (Dkt. 38 (the "Dismissal Order")).

9. Plaintiff filed a Motion to Amend on October 27, 2023 (Dkt. 39) to which she attached her proposed Amended Complaint comprised of two documents (Dkt. 39-1 and 39-2) along with several exhibits (Dkt. 39-3).

10. Revature timely and properly filed an Opposition to the Motion to Amend (Dkt. 41) on the grounds that the proposed Amended Complaint was futile in that it failed to address certain deficiencies that had been identified by the Court in the Dismissal Order.

11. On May 15, 2024, the Court granted Plaintiff's Motion to Amend and "ORDERED that Plaintiff is directed to file her Amended Complaint (ECF No. 39-1) with the Clerk's office as a new docket entry." (Dkt. 44).

12. Despite being granted the relief requested by her Motion to Amend, Plaintiff has not followed the Court's direction and refiled her Amended Complaint. Instead, Plaintiff filed two other motions – the instant Motion to Vacate the Dismissal Order and a Motion for Discipline (Dkt. 45). Both of these motions lack a credible basis and appear to be asserted for improper purposes.

13.     Further, in searching the Court docket, Defendant has become aware that Plaintiff, rather than filing the Amended Complaint as a new docket entry, as directed by the Court, has instead filed her Amended Complaint as a new action, also captioned *Danielle Taylor v. Revature LLC*, and assigned Case No. 1:24-cv-00880-PTG-LRV.  Below is a screenshot of a portion of that new filing reflecting both case numbers:

Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 1 of 52 PageID# 9
Case 1:22-cv-01153-RDA-WBP   Document 39-1   Filed 10/27/23   Page 1 of 8 PageID# 266

**Amended Facts**
Concise statement of chronological FACTS

As there has been no Summons issued in that matter and Revature has not been served in that matter, no response on the part of Revature is yet due.

14.     For the reasons stated below, the Motion to Vacate should be denied.

## ARGUMENT

**A.      Plaintiff's Rule 60 Motion Must be Denied.**

"Rule 60(b) of the Federal Rules of Civil Procedure, by its own terms, provides potential relief 'from a final judgment, order, or proceeding.'" *Davis v. Dep't of State*, 2015 WL 11117455, at *2 (E.D. Va. 2015).  Given that Plaintiff's Motion to Amend was granted (Dkt. 44), the Court either construed the Dismissal Order as a non-final order or already granted relief from that Order by allowing amendment.  As such, Plaintiff's Motion to Vacate must be denied for lack of a final order, or, alternatively, be denied as moot in light of the Order granting her Motion to Amend.

**B.      The Court Did Not Err in Citing *Rohan v. Networks Presentations LLC*.**

Plaintiff argues that the Dismissal Order contains a "mistake in the Court's reasoning" because it cited to *Rohan v. Networks Presentations LLC* a single time in its 23-page Dismissal

3

Order.  (*See* Dkt. 49 at 3.)   The single citation by the Court to *Rohan* was on page 10 of the Dismissal Order in the following paragraph:

> As a preliminary matter, for an ADA claim to survive a motion to dismiss, Plaintiff must adequately allege that she is a "qualified individual with a disability." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004). The ADA defines a disability as (1) "a physical or mental impairment that substantially limits one or more major life activities" (actual disability); (2) "a record of such an impairment" (record-of-disability); or (3) "being regarded as having such an impairment" (regarded-as disability). *Schneider v. County of Fairfax*, No. 1:22-cv-871 (LMB/WEF), 2023 WL 2333305, at *4 (E.D. Va. Mar. 2, 2023). Although Plaintiff "does not have to provide extensive detail as to [her] medical condition," she must "plead a disability claim 'above a speculative level.'" *Hice v. Mazzella Lifting Technologies, Inc.*, 589 F. Supp. 3d 539, 547 (E.D. Va. 2022).

(Dkt. 38 at 10-11) (emphasis added).

The proposition for which the Court cited to *Rohan* – that a plaintiff "must adequately allege that she is a 'qualified individual with a disability'" to survive a motion to dismiss – remains good law.  *See, e.g., Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 169 (4th Cir. 2024); *Akbar-Hussain v. ACCA, Inc.*, 2017 WL 176596, at *3 (E.D. Va. 2017); *Nash v. Braswell Foods*, 2017 WL 810288, at *6 (E.D. Va. 2017).

Plaintiff makes no coherent argument to the contrary.  As best as can be discerned, Plaintiff is referencing that some courts have called into question whether certain aspects of the *Rohan* holding are still applicable since the passage of the ADA Amendments Act of 2008 ("ADAAA"). Specifically, in *Rohan*, the plaintiff alleged that she had difficulty interacting with others on sporadic occasions typically lasting no more than 30 minutes when she felt that her coworkers did not believe that she had been sexually abused as a child.  The Fourth Circuit found that these episodes this did not constitute a disability because "[i]ntermittent manifestations of an illness are insufficient to establish a substantial limitation on a major life activity." *Id.* at 276.

In the ADAAA, Congress specifically addressed medical conditions that result in episodic or sporadic limitations (such as epileptic seizures) and confirmed that under the ADA, a person with a chronic impairment whose symptoms are episodic can be considered as having disability even if the symptoms only substantially limit a major life activity when they are in an active state (again, such as seizures). It is unknown whether the plaintiff in *Rohan* would be considered disabled under the ADAAA definitions given the facts of that case, but the holding that sporadic or episodic flareups of a condition do not constitute a substantial limitation on a major life activity would appear to longer be good law.

However, the mere fact that this aspect of the holding in *Rohan* appears to have been superseded by legislative mandate does not render it improper for the Court (or a party) to cite the portions of the *Rohan* opinion that remain good law, especially as it pertains to the general principle that a plaintiff must establish the presence of a disability in order to survive a motion to dismiss her ADA claim. In fact, courts, including the Fourth Circuit, continue to cite *Rohan* to this day. *See, e.g., Kelly*, 90 F.4th at 169; *Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 172 (4th Cir. 2024); *Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 365 (4th Cir. 2022).

C.      **The Striking of Plaintiff's Sur-Reply Brief is Not a Basis for Vacatur.**

As best as can be discerned, Plaintiff 's also argues that the Dismissal Order should be vacated because she did not intend to violate the Court's local rules when filing her Sur-Reply brief without leave. (*See* Dkt. 49 at 3-4.)

The Court properly struck the Sur-Reply brief (*See* Dkt. 38 at 9), and Plaintiff does not argue otherwise. The fact that Plaintiff *did not intend* to violate the Court's Local Rules is obviously not a reason to vacate the Court's order. Moreover, Plaintiff has not, and cannot, demonstrate that if her Sur-Reply brief had been allowed that the Dismissal Order would have come out differently.

D.      **Plaintiff's Misunderstanding of Rule 15 is Not a Basis to Vacate.**

Next, Plaintiff seems to argue that the Court erred in interpreting Rule 15 to only allow one "matter of course" amendment in its Dismissal Order. (*See* Dkt. 49 at 4-5.) However, Rule 15 clearly states that "matter of course" amendments may only be done "once." *See* FRCP 15(a)(1). Plaintiff's misreading of the Federal Rules is not a basis for vacating the Dismissal Order.

E.      **Plaintiff Has *Not* Satisfied the Judgment.**

Lastly, Plaintiff suggests the court should vacate the Dismissal Order because she argues the judgment has been satisfied. As used in Rule 60, satisfying a judgment refers to paying an amount awarded. A dismissal order cannot be satisfied. Moreover, contrary to the representation made in her motion (Dkt. 49 at 5), Plaintiff has not, in fact, filed her proposed complaint, as required by the order granting her Motion to Amend.

## CONCLUSION

For the foregoing reasons, Defendant Revature respectfully requests that the Court deny Plaintiff's Motion to Vacate.

Dated: June 7, 2024                            Respectfully submitted,

                                                                    /s/ Micah E. Ticatch
                                          Edward Lee Isler, Va. Bar No. 27985
                                          Micah E. Ticatch, Va. Bar No. 83351
                                          ISLER DARE, P.C.
                                          1945 Old Gallows Road. Suite 650
                                          Vienna, Virginia 22182
                                          Phone: (703) 748-2690
                                          Facsimile: (703) 748-2695
                                          eisler@islerdare.com
                                          mticatch@islerdare.com

                                          *Counsel for Defendant Revature LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June 2024, I served the foregoing via the ECF system and by first-class mail upon the following:

>Danielle Taylor
>3622 Old Silver Hill Road, #908
>Suitland, MD 20746
>
>Plaintiff, *pro se*

>  /s/ Micah E. Ticatch
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road. Suite 650
>Vienna, Virginia 22182
>Phone: (703) 748-2690
>Facsimile: (703) 748-2695
>eisler@islerdare.com
>
>*Counsel for Defendant Revature LLC*