FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2024 JUN 12  P 2: 22

**Danielle Taylor**
*Plaintiff* )
Vs. )
) # 1:22-cv-1153
**Revature LLC.** )
*Defendant*

---

## PLAINTIFF' RESPONSE TO DEFENDANT'S OPPOSITION, IN FURTHER SUPPORT OF THE NEED TO ISSUE A PROBABLE CAUSE ORDER FOR DISCIPLINARY ENFORCEMENT

### I. INTRODUCTION

Defendant's attorneys should face discipline because they show no interest in stopping their violative behavior. Their two most recent filings exacerbate the problem.

### II. ATTORNEYS FOR DEFENDANT HAVE MISREPRESENTED THE PROCEDURAL HISTORY OF THIS CASE

Defendant continues to insist the confidentiality claim was added on February 21, 2023. This is unequivocally false. The October 13, 2022 Complaint had Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 1 of 2 and Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 2 of 2. I did not amend the Complaint to add the confidentiality claim on February 21, 2023. It was on the initial complaint of October 13, 2022.

Repeatedly misrepresenting the procedural record is another observation of misconduct. Defendant's attorneys are disrespecting everyone involved here, including themselves. The Court

1

should pause, double check before granting legitimacy to anything in the Defendant's filings. There's no legitimate reason to misrepresent the procedural record.

Misrepresentation of the procedural record frustrates candor, violates fairness to me, and certainly breaches a lawyer's duty to provide competent representation.

### III. RESPONSE TO DEFENDANT'S SO-CALLED ARGUMENTS

#### A. The Court did err in citing Rohan as the main base point for its reasoning.

The legal base of reasoning for a motion to dismiss Order should be from a motion to dismiss case, not a summary judgment case. That's a basic concept. Further, I think reasonable minds will agree it's important to note, the 2024 Kelly case from the Fourth Circuit, it cited Rohan as a "quoting" cite, not a base cite. I think reasonable minds will also agree that Kelly was a summary judgment case, not a motion to dismiss case.

Here, in Taylor V. Revature, the Court was opinning on a motion to dismiss. The Court should recognize that a motion to dismiss is different from a summary judgment. Perhaps it would be acceptable if there was no comparable, binding authority on motions to dismiss from the Fourth Circuit but that's not the case here- there was and there is. For one example is Summers v. Altarum but I'm sure there are others too.

Of course most importantly, the legal basis of a Court's reasoning on a motion to dismiss Order should respect the letter of the law for the substantive issues before the Court. Perhaps this Court will agree that it's time to stop citing Rohan altogether, or perhaps they will maintain that it's okay to cite for a list on the elements of a claim, but as a quoting cite to show the evolution , and not as a base cite. Nonetheless, what is important for this case is: Rohan was clearly not the appropriate case for a motion to dismiss. The summary judgment and motion to dismiss are two different standards. There was binding authority that should have been cited instead.

2

The citation of Rohan as the initiator on the court's reasoning set up the analysis where important facts were ignored as they would have been pre-AADA. I did mention this in my initial memo. The original complaint did talk about previous times where I used written word instead of vocal speech, and that I had permission to ask my training questions in writing instead of vocal speech.

It's remarkable that attorneys for Defendant have doubled down on Rohan still having substantive value, beyond simply listing the elements of a claim. What Courts have called into Question the AADA as it pertains to Rohan? I can't find any. The cases cited by Defendant certainly don't call the AADA into Question within the context of Rohan. Defendant's argument is not only frivolous, it can only be described as gross incompetence and a total lack of Candor.

### B. **Defendant's attorneys violated ethical rules by arguing for Pre-AADA standards on and have compounded their violation by doubling down and even misstated the facts in Rohan.**

When alleged attorneys responded to Plaintiff's amendment from October 27, 2023, they just cited Rohan, strung together a list of conclusory statements, and ignored everything in Plaintiff's amendment. They added nothing new and their work reflects someone who doesn't know the law and was too busy to even read the Court's decision.

In order to make their filing, alleged attorneys needed to have a meritorious argument and they needed to know the standards. That is the essence of these ethical violations. By adding nothing new, ignoring the content of Plaintiff's amendment, and only relying on Rohan, not any of the other cases cited by the Court, and continuing to seek prejudice- they were arguing for pre-AADA standards- failing a lot of basic duties.

3

About how the alleged attorneys misstated the Rohan case, please see paragraph 2, Section III. ARGUMENT, subsection B, in the concurrently filed response to Defendant's opposition to vacatur.

### C. Defendant's attorneys did violate ethical rules by continuing to argue for a prejudiced dismissal and attorneys have compounded that violation by misrepresenting Plaintiff's memorandum.

My memorandum discussed why continued argument for prejudiced dismissal was frivolous in the context of Rule 3.3. Just because Defendant does not have any real explanation for their bad behavior- misrepresenting what the memo actually contains is unfair to me and is example of 3.4

Section C falsely claims the entirety of my argument about improperness for continued insistence on prejudiced dismissal- they write this was only about 3.4. They are misrepresenting my motion. The 3.4 note is not the only place that mentions improperness of continuing to insist on prejudiced dismissal.

As it pertains to my note on not being able to write the 3.4 section without being emotional, I ask the Court to think about page 17 from the Ethics rules:

> [7] A lawyer's mental, emotional, and physical well-being impacts the lawyer's ability to represent clients and to make responsible choices in the practice of law. Maintaining the mental, emotional, and physical ability necessary for the representation of a client is an important aspect of maintaining competence to practice law. See also

Rule 1.16(a)(2).

I'm basically acting as my own lawyer so I'm just recognizing that this is causing suffering for me. Rule 3.4 is where I have to stop to remain compartmentalized from the situation. The unfairness is unbearable.

4

## IV. CONCLUSION

**<u>Please initiate disciplinary action against these alleged attorneys. Their conduct is unacceptable.</u>**

## <u>CERTIFICATES</u>

### <u>A. Truthfulness & Service to Opposing Party</u>

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### <u>B. Ghost Writing</u>

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

*Date: June 12, 2024*

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: _[signature]_