FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2024 JUN 12 P 2: 22

**Danielle Taylor**
*Plaintiff* )
Vs. )
) # 1:22-cv-1153
**Revature LLC.** )
*Defendant*

---

## PLAINTIFF' RESPONSE TO DEFENDANT'S OPPOSITION, IN FURTHER SUPPORT OF VACATUR

In further support of Plaintiff's Motion to vacate, and as a response to Defendant's Opposition, Plaintiff urges the Court to carefully consider vacatur pursuant to the actual law.

### I. INTRODUCTION

Vacatur is appropriate for more than one reason, and in more than one area, as explained in my initial memorandum.

### II. DEFENDANTS MISREPRESENT THE PROCEDURAL HISTORY

Defendant continues to insist the confidentiality claim was added on February 21, 2023. This is unequivocally false. The October 13, 2022 Complaint had Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 1 of 2 and Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 2 of 2. I did not amend the Complaint to add

1

the confidentiality claim on February 21, 2023. It was on the initial complaint of October 13, 2022.

Repeatedly misrepresenting the procedural record is another observation of misconduct. These repeated misrepresentations speak to Defendant's attorneys candor, or lack thereof. The Court should pause, double check before granting legitimacy to the Defendant's filings. There's no legitimate reason to misrepresent the procedural record.

### III. RESPONSE TO DEFENDANT'S SO-CALLED ARGUMENTS

**A. There was a final order and the need for vacatur is not moot and is in the public interest.**

After this Court issued the May 2024 order, the case remained in a closed status. Even today, the case has a status of terminated. This case is closed. (See Exhibit A). If the Court didn't expect Plaintiff to start a brand new docket, why didn't they order the Defendant to respond in the May 2024 order? It's not like they don't have notice of the complaint. Why would I file an amended complaint as a new docket entry on a case that to this day, remains closed.

The issues raised in the vacatur motion are not moot. Mistakes were made by all parties and defendants continue spewing misconduct, even in their most recent filing. The misconduct is a major reason why this terminated case should be vacated. The new case will be a clean start where Defendants must finally respond to the claims and cannot do things like misrepresent the procedural record or argue for non applicable legal standards.

Please carefully consider my vacatur memorandum pursuant to the law. It's not appropriate to re-evaluate the original complaint as there's a new complaint. The Court has terminated this case, and there is a new complaint where the Court can address the issues with the proper standards. There is no unfair prejudice to the Defendant by vacating the opinion.

2

Vacating is in the public interest because the way the Memorandum Opinion is being used is a miscarriage of justice. For an explanation of why it's a miscarriage of justice, Please consider what I wrote about the GITSIT cases in the initial Memorandum supporting vacatur.

B. **Defendant's position "B", that the Court did not err by basing it's reasoning on Rohan is flawed and also misrepresents Plaintiff's vacatur memorandum.**

Defendant's position "B", that the Court did not err by basing it's reasoning on Rohan is flawed because of the reasons discussed in the response for the disciplinary enforcement. Alleged Attorneys for Defendant really seem to like the Rohan case, but why? It bears no semblance to the facts here. Not only is Rohan a sinister case, Defendants attorneys can't even get the facts right. Defendant's alleged attorneys wrote the following:

> "Specifically, in Rohan, the plaintiff alleged that she had difficulty interacting with others on sporadic occasions typically lasting no more than 30 minutes when she felt that her coworkers did not believe that she had been sexually abused as a child."

This is a per se misrepresentation of the facts in Rohan, again showing that attorneys for Defendant can't be trusted to make meritorious claims or present themselves to the Court with candor. The issues with Rohan's co-workers weren't about them not believing that she'd been sexually abused as a child. Attorneys for Defendants can't be allowed to misrepresent law or facts.

I already addressed why using Rohan is not appropriate for the general principle of establishing disability on a motion to dismiss in the Memorandum in Further Support of Disciplinary Action. The mistake remains obvious because not only is the The 2024 Kelly case on Summary Judgement, so is the 2024 Tartaro-McGowan case and the 2024 Jessup case. Attorneys for Defendant have still not sufficiently corrected themselves.

3

C. **Defendant's "C" argument, about striking as not a basis for vacatur, further misrepresents Plaintiff's vacatur memorandum, failing to address the actual law for vacatur.**

Who says the Court can't vacate the portion of the Opinion related to the striking of Plaintiff's improper sur-reply? Defendant says this but they provide zero authority to back up their statement, making it nothing more than a conclusory statement.

Additionally, alleged attorneys again completely misrepresent my filing. I was using the actual legal standards for vacatur talking about how a specific part should be vacated because of excusable neglect as it relates to judicial discretion. I also discussed how the Court allowed alleged attorneys to pass a similar mistake as excusable neglect. I am making substantive arguments.

D. **Defendant's argument, that Rule 15 restricts the party to one matter of course per case is finally a non-frivolous argument.**

I do understand Rule 15. I simply disagree about its application. I have a meritorious argument. I ask the Court to seriously consider the procedural history of this specific case here and the language of the rule.

The fact is, whether anybody likes it or not, **the rule says a party may amend its *pleading* once as a matter of course when differentiating between types of pleadings. The rule does not say one matter of course per case.**

I guess alleged attorneys have no comment on the procedural history for Morris v. GITSIT.

E. **Defendant's "E" argument, that Plaintiff did not satisfy the order by filing a new docket number is flawed because the new case came with a new docket entry, and because the Court kept this case terminated after their May 2024 order.**

4

It seems I shouldn't have used the word judgment. I thought that the Memorandum Opinion was a form of judgment. Thank you to the defendant's Attorneys for making me aware that judgements are only references for money orders.

My points about the order being satisfied should still be used to vacate the Memorandum Opinion for the same reasons discussed, albiet if the Court finds rule 60(b)(5) is not applicable because of the word "judgment", then under 60(b)(6) - I would appreciate an opportunity to brief that specifically.

Overall, the new case came with a new docket entry. The Court kept this case terminated after their May 2024 order, so why would I make the new entry on a terminated case? To this day, this case remains closed.

## IV. CONCLUSION

There is good reason to vacate the Memorandum Opinion in entirety, or in whatever parts this Court finds appropriate. Defendant would not be unfairly prejudiced by vacating the Memorandum Opinion entirely, or in whatever parts this Court finds appropriate.

If Defendants want to waive service for the new complaint, that's ok with me. Perhaps they will post a notice on this terminated case stating they are waiving service so the Court is apprised too. Otherwise, I'm waiting for summons and will add the cost of service to the damages.

Alternatively, if the Court directs me to file the new docket entry on this terminated case specifically, then I will do so swiftly.

If the Court needs any more definite statement or specific briefing from me, please order such before making any determination. I hope the Court will seriously consider the substantive concerns and issues I've outlined.

5

CM/ECF    Query   Reports ▾   Utilities ▾   Help   Log Out

**Query**

WARNING: Search results from this screen are NOT subject to the 30 page limit on PACER charges. Please be as specific as possible with your search criteria.

**Search Clues**                                                                                     Mobile Query

Case Number    [1:22-cv-1153]    (closed 09/28/2023) ←

or search by

Case Status:    ○ Open   ○ Closed   ○ All
Filed Date     [          ] to [          ]
Last Entry Date [          ] to [          ]
Nature of Suit  [0 selected                                                              ⌄]
Cause of Action [0 selected                                                              ⌄]
Last/Business Name [                    ]   ☐ Exact matches only
First Name     [                    ]   Middle Name [                    ]
Type           [         ⌄]

[Run Query]  [Clear]

## CERTIFICATES

### A. Truthfulness & Service to Opposing Party

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

*Date: June 12, 2024*

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: _____

6