Case 1:24-cv-00586-PTG-WBP Document 55-1 Filed 05/24/24 Page 22 of 52 PageID# 480
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 6 of 36 PageID# 287
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 1 of 31 PageID# 8

**CONFIDENTIAL AND PRIVATE**

**Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 1 of 2**

### 1. Termination of Employment

Revature provided changing explanations for the separation. Initially, Revature insisted I was not being terminated but instead I should expect a mutual release agreement due to lack of demand. I initially thought they were laying me off. They also cited that I'd been on bench for a certain amount of time, even though I wasn't actually being put forth for clients for most of that time. I then received a termination letter saying my commitment was not complete. Subsequent to that I received a request to sign a mutual release agreement. Around the same time, I noticed Revature was advertising the hiring of a large number of people , so they were willing to hire all of those new positions but there was no more work for someone who'd already gone through their training, obtained industry certificates, and been with them for more than a year? Revature again changed the explanation for the separation once I filed a charge with EEOC, saying that I was terminated because I was a poor performer, wanted special treatment, and refused to complete tasks- even though these things are not true.

### 2. Failure to Accommodate Disability (2 instances)

*a.* Refusal to provide a space for text in the first  so-called panel after I'd been communicating with HR about their reasonable accommodations process and reaching out to HR and Management about scheduling the panel.

*b.* HR stopped communicating with me and claimed my emails went to spam even though there is no way my emails went to spam in reality with how spam actually works. The delay to have the actual interactive conversation was needlessly long (months) and I had to go through multiple people. It was as if they were waiting for me to quit in the meantime because all of my attempts to connect about day-to-day expectations went ignored and this was after one of the managers described my need to use text as primary communication as a problem. There was no real interactive discussion for what accommodations would work or wouldn't work even though I presented a proposal, and even though it was known that I used text to communicate instead of speech on a regular basis.

### 3. Unequal terms and conditions of my employment

The time between 7/21 and 11/21 was a period of isolation, deception, a refusal to engage with me, threats of withholding pay, reduced hours because I complained about discrimination, and gas lightning that fundamentally altered my employment.

### 4. Retaliation (6 instances)

*a.* Reduced hours because I complained about discrimination.

*b.* Revature choosing not to assign me to Accenture.

*c.* Revature choosing not to assign me to Fidelity and refusing to help me prepare for the interview where the job description specifically referenced varying styles of communication.

*d.* Manager rejecting my portfolio for approval after complaining about discrimination.

Case 1:24-cv-00880-PTG-LRV   Document 55-3   Filed 05/24/24   Page 23 of 52 PageID# 431
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 7 of 36 PageID# 288
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 2 of 31 PageID# 9

Request to The Court for Document Receptions- Taylor v. Revature LLC - Page 1 of 1

This is a request to receive a phone call when any documents or communications are ready so that I may retrieve the documents in-person instead of via postal, or in addition to postal.

Very respectfully,

Danielle Taylor

Case 1:24-cv-00880-PTG-LRV  Document 55-3  Filed 05/24/24  Page 24 of 52 PageID# 432
Case 1:22-cv-01153-RDA-WBP  Document 39-3  Filed 10/27/23  Page 8 of 36 PageID# 289
Case 1:22-cv-01153-RDA-JFA  Document 1-1  Filed 10/13/22  Page 3 of 31 PageID# 10

10 of 38

**CONFIDENTIAL AND PRIVATE**

**Numbered Claims with Short and Plain Statement - Taylor V. Revature LLC - Page 2 of 2**

e. Revature only willing offer me an interview with a temp agency after complaining about discrimination, when before the opportunities were with companies looking to hire permanent employees.

f. Termination because I refused to accept the discrimination.

### 5. Confidentiality

Revature asked me to send information that is to be treated as a confidential medical record in the form of an unencrypted email attachment.

Case 1:24-cv-00880-PTG-WBP   Document 55-3   Filed 05/28/24   Page 4 of 31 PageID# 423
Case 1:24-cv-00880-PTG-WBP   Document 51-1   Filed 05/24/24   Page 25 of 52 PageID# 33
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 9 of 36 PageID# 290
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 4 of 31 PageID# 11

11 of 38

**CONFIDENTIAL AND PRIVATE**

**Addendum to Charge Filed with EEOC - Taylor V. Revature LLC - Page 1 of 1**

Feb 10, 2022, I file charge of discrimination with EEOC

March 7, 2022, I received a request from EEOC to resolve the charge through their mediation program, and I agreed to work with the mediation program.

March 14, 2022, I received notice that Revature declined mediation.

April 13, 2022, I received Revature's response letter that contained a lot of false information, and some of what they wrote really served no purpose other than an attempt to humiliate me. The Response letter also didn't address the hostile environment claim or the retaliation claims.

July 21, 2022, EEOC closed the investigation and issued a right to sue letter because I did not feel safe sharing so much information digitally without any type of in-person meeting.

August 2nd, 2022, I wrote to the Attorney listed on the right to sue letter, Edward Isler, requesting an attempt to resolve amicably. I followed up about this on August 22, 2022. I did not get any response.

Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 26 of 52 PageID# 34
Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 5 of 31 PageID# 424
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 10 of 36 PageID# 291
Case 1:22-cv-01153-RDA-JPA   Document 1-1   Filed 10/13/22   Page 5 of 31 PageID# 12

Copy of Charge Filed with EEOC

Respondent A is Revature

Respondent B is Cognizant

1

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 6 of 31 PageID# 425
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 27 of 52 PageID# 35
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 11 of 36 PageID# 292
Case 1:22-cv-01153-RDA-JFA   Document 6-1   Filed 10/13/22   Page 6 of 31 PageID# 13

13 of 58

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 570-2022-00724 |

Fairfax County Office of Human Rights and Equity Programs   and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Danielle Taylor | (347) 544-1395 | |

| Street Address | City, State and ZIP Code |
|---|---|
| ██████████████████████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| REVATURE LLC | 20 or more | (703) 570-9181 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11730 Plaza America Drive, 2nd Floor, Reston, VA 20190 | |

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| July 2021 | Nov. 2021 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan. 18-22        _[signature]_
Date              Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Case 1:24-cv-00880-PTG-WBP Document 55-3 Filed 05/10/24 Page 7 of 31 PageID# 436
Case 1:24-cv-00880-PTG-WBP Document 55-3 Filed 05/24/24 Page 28 of 52 PageID# 36
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 12 of 36 PageID# 293
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 7 of 31 PageID# 14

14 of 38                    570-2022-00724

Enclosed is a description of events that I believe
constitute unlawful discrimination. I believe I was
discriminated against because of a speech disability
and because I requested an accommodation for the
same. Please note I was employed via Respondent A
for what was originally agreed to as two year
employment with option for a third year. I was first
demoted, and then terminated. I think there is
sufficient evidence for a hostile environment and
failure to provide a reasonable accommodation.

The Respondent A is:
Revature LLC
11730 Plaza America Drive, 2nd Floor
Reston, VA 20190
703 570 8181

Document entitled "Unlawful Discrimination Because
of Disability, Hostile Work Environment" (21 pages)

Please accept these documents as my intention to
file charges.

Danielle Taylor
        Enclosure

Recieved by EEOC
Washington Field Office
November 18, 2021

15 of 38

**Unlawful Discrimination because of Disability ,
Hostile work environment**

Most of this document is about July 2021 to November
2021 but below is a reference to July 2020 in case
of Continuing Violation. Also see the concerns for
pattern and practice document.
------------------------------------------------------------
------------------------------------------------------------
--------------------------

On July 17, 2020, I received an email from the
Senior Trainer Harvey with the subject of technical
requirements, about using a microphone and a camera,
instead of text. I'm not sure if it was before or
after this email, but we eventually discussed my
need to use written word for learning and
communication purposes. We agreed that I would use
the chat feature in zoom meetings. I also used the
chat for group projects.


Note: Respondent A's employee handbook has an ADA
policy that says 'we don't have to give you an
accommodation'.
I just found it a little intimidating.


------------------------------------------------------------
------------------------------------------------------------
--------------------------
July 2021

The transition to bench memo indicated that I
wouldn't be eligible for payroll until after I
passed a panel and I would be eligible for client

Recieved by EEOC
Washington Field Office
November 18, 2021

Case 1:24-cv-00080-PTG-WBP Document 55-3 Filed 05/24/24 Page 30 of 32 PageID# 438
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 14 of 36 PageID# 295
Case 1:22-cv-01153-RDA-JSA Document 1-1 Filed 10/12/22 Page 9 of 31 PageID# 26

16 of 38

interviews only after panel and portfolio. I didn't understand why I was having an interview on July 26, 2021, the first day of Respondent A's bench, and not the panel.

On July 27, 2021, I sent an email to Antony asking about the day-to-day expectations. It seemed like the interviewer from July 26 wanted to hire me (the last thing we discussed was scheduling). However, I was concerned about the time between July 27 and when I would join the next client. Onboarding took about a month for the first client (Respondent B). Now, with the Transition to Bench memo, Respondent A was effectually telling me to go without pay... By July 27, 2021, I'd already reached out multiple times for multiple weeks about the panel with no schedule.

The "Transition to Bench" memo said I wasn't eligible for pay until I passed the panel, didn't indicate anything outside of the panel or portfolio, and all my attempts to get the panel scheduled hadn't been answered. My questions about the portfolio/resume also went unanswered.

On July 29, 2021, I   received an email from Antony, asking if I was ready to panel the next Monday. I sent an email back asking about client interview, about the benching document, also mentioning that I'd been reaching out for 3 weeks about scheduling the panel.... even paneling on the next Monday meant no pay for an entire week.

I received a message to my phone (July 29, 2021) from another employee named Vivek, stating "the staging manager wants to schedule a call with you today, please let me know your convenient time" – I said anytime was fine. I then got text messages from Antony asking about medical documentation

Recieved by EEOC
Washington Field Office
November 18, 2021



Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 10 of 31 PageID# 429
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 31 of 52 PageID# 39
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 15 of 36 PageID# 296
Case 1:22-cv-01153-RDA-WBP   Document 1-1   Filed 10/13/22   Page 10 of 31 PageID# 17

17 of 38

and "how long you are gonna have this
problem",

and then suggested that the panel should be the
following Wednesday, instead of Monday, adding two
more days of not being eligible for pay,
At this point, I still wasn't even sure what
material the panel would cover.

On July 30, I received an email from HR, saying
there was a notification of a potential
accommodation request with an optional form.
I wrote back that same day with answers to the form.

I got zero response from HR until August 13, 2021,
even though I followed up August 6, 2021, and
included Jalisa (the person who sent the
accommodation form) as a recipient for all emails I
sent to Respondent A's staff from July 30, 2021 -
August 11, 2021 (total of five emails beyond the
response for the accommodation form).

I was forced to use all my accrued time off while
the management staff and HR staff were ignoring me.
So for the week of July 26, I used 32 of my hours,
and those were the only hours I clocked. I didn't
clock hours for Monday July
26, 2021 because Respondent said I wasn't yet
eligible for pay , even though Respondent scheduled
me for an interview that day.

About the accrued time off, I should have been able
to plan the use of those hours, not be forced to use
them because the staff sent me a memo saying I
wouldn't be paid until I completed a panel but then
refused to share the panel information or schedule
it.  No one said anything when I didn't log hours
after the week of July 26,2021 until communications
with HR on August 24, 2021, so if they weren't

Received by EEOC
Washington Field Office
November 18, 2021

3

Case 1:22-cv-01153-RDA-WBP  Document 55-3  Filed 07/18/24  Page 11 of 31 PageID# 430
Case 1:24-cv-00880-PTG-LRV  Document 1-1  Filed 05/24/24  Page 32 of 52 PageID# 46
Case 1:22-cv-01153-RDA-WBP  Document 39-3  Filed 10/27/23  Page 16 of 36 PageID# 297
Case 1:22-cv-01153-RDA-JFA  Document 1-1  Filed 10/13/22  Page 11 of 31 PageID# 18
02/05/2013  03:16  202-543-0333  FEDEX OFFICE 1868  PAGE 06/18

**18 of 38**

intentionally ignoring me then why didn't they even bother to reach out, like hey, where are you?

### August 2021

On August 9th, I received a panel invite at 3:40pm, with a time frame of being open until 5:00pm, with 100 min as the length of time for completion. As if being a different day than was communicated, leaving it open for the last hour of the day without any notice. Very hostile...

During the day on August 10, Antony rejected my portfolio saying I needed to add a client name to the portfolio, even though it was already discussed the client name was confidential, and this was approved several weeks prior.

On August 13, after not hearing anything back since July 30, Jalisa wrote to me saying 'we know about the report you made to Respondent B's HR. Totally unrelated, but I provided an email to you with a form did you get it'?

At this point, all the ignoring seemed like punishment for going to Respondent B with my concerns about unlawful discrimination.

I wrote back the next business Monday (August 16, 2021) explaining I'd sent the information Requested by Respondent A on July 30, even followed up on Aug 6, not to mention the other five emails Jalisa was copied on. I also requested that we address the issue between Respondent A and I before discussing Respondent B.

I didn't receive a response until Friday (August 20), stating my emails went to spam and asking me to resend the July 30th message.

Recieved by EEOC
Washington Field Office
November 18, 20?21

4.

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 12 of 31 PageID# 431
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 33 of 52 PageID# 41
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 17 of 36 PageID# 298
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 12 of 31 PageID# 19

19 of 38

**Addendum**

**July 30**

**I also wrote to Jalisa about my concerns for:**

**1. lost pay**
**2. things being different than what stated policy was**
**3. the July 26 interview in relation to the panel**

Recieved by EEOC
Washington Field Office
November 18, 2021

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 13 of 31 PageID# 432
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 34 of 52 PageID# 42
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 18 of 36 PageID# 299
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 13 of 31 PageID# 20

20 of 38

Beyond distressed, I wrote back the following Monday
August 23 explaining I've lost an entire
month of pay at this point so I'm not sure I could
be expected to continue on
like this. I get a response the same day asking for
a meeting and I explained
I wasn't comfortable meeting until the hours were
confirmed. So at this point , Jalisa was
representing no knowledge of why I hadn't been
submitting
hours, in addition to lost emails.

On August 24, I wrote to Jalisa explaining I was
humiliated and it seemed they were constructively
discharging me. Jalisa wrote
back on the 24th suggesting the missing hours were
my fault because I didn't submit them in a timely
manner and also indicating "I've reviewed your
payroll profile and I do not see any missed
earnings". I guess Jalisa had no knowledge of the
"Transition to Bench" memo??

On August 25, Jalisa wrote to me, basically saying
okay let's skip the interactive discussion, here's
some forms for a medical care provider , and I have
no idea why you would think constructive discharge.

--note: the form sent by jalisa referenced an
"attached description with list of job
qualifications" but there was no such attachment
with description
of job qualifications.

On August 26, I wrote back again, I guess like a
fool, trying to explain my concerns and referencing
the Transition to Bench memo. That they were asking
me to go without pay. Also expressing concerns about
Antony and ignoring from staff generally.

Was Missing From Fax-Resent


6

Case 1:24-cv-00880-PTG-LRV Document 15-1 Filed 05/24/24 Page 15 of 52 PageID# 433
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 19 of 36 PageID# 300
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 14 of 31 PageID# 21

21 of 38

On August 31, Jalisa wrote to me:

(1) someone else would reach out to me about the interactive discussion for the accomodation, and I should wait for that email

(2) I must begin full participation in all bench activities.

(3) I needed to disclose the client name, and that my panel would be scheduled upon receipt of the updated portfolio.

I updated the portfolio on August 31. Even to this day, I never received an approval on the portfolio after this update.


## September 2021

On September 2, 2021, still with no panel schedule, I wrote to Jenifer, the person who sent me the panel information, asking :

(1) for a good link to complete the assessment
(2) if there would be a place for me to provide the explanation in writing.

Jenifer never responded to this email. It is also worth noting that no one ever pointed out 'hey we aren't scheduling your panel because there is no 'text' feature. No one ever said anything like Oh there is no text feature for the panel. Every single 'meeting' tool I'd used thus far with Respdonent had a 'chat' feature.

September 3, 2021 I wrote back to Jalisa, also with hr department copied, explaining I updated the portfolio back on the Aug 31st, still no

Recieved by EEOC
Washington Field Office
November 16, 2021

7

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 15 of 31 PageID# 434
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 36 of 32 PageID# 44
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 20 of 36 PageID# 301
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 15 of 31 PageID# 22

22 of 38

communications on the panel, and I wasn't sure what was meant by "full participation in all bench activities". I explained what I was doing to meet and check for requirements and also stated "if there are expectations in terms of activities that I should be participating in, that needs to be communicated to me?" Jalisa never responded to this email.

September 7, 2021, I receive a message from Sijuola stating "I will be sending you a calendar invite for us to connect later this afternoon." So, I guess it was expected that I should be ready at any time since this was the first communication back after Jalisa's message from Aug 31.

I wrote back to Sijuola with the form data that I had sent to Jalisa back on July 30. When we met that afternoon, Sijuola was 15/20 minutes late past the time that was sent to me, had missed my email, and Jalisa hadn't passed my information along.

I have the text of what I shared during the meeting. It didn't really seem like there was any interest in having a conversation about an accomodation even after I asked Sijuola to read through what I'd provided for the form.
I felt like there wasn't any attempt try and have an 'interactive conversation'.

It was just 'ok , get us a doctor's note for the accommodation and we won't be addressing any of the concerns you've outlined for the time between July 26 - now.

Recieved by EEOC
Washington Field Office
November 18, 2021

September 8, 2021

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 16 of 31 PageID# 435
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 37 of 52 PageID# 45
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 21 of 36 PageID# 302
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 16 of 31 PageID# 23

23 of 38

I get an email from Sijuola with three attachments
1. ada request form
2. ada medical provider form
3. copy of software engineer job description with
an explanation of why I would need it, even though
I am the one who pointed it out that it was missing
from the documents Jalisa sent me.

Also in this September 8 email from Ola, "please
resume with participation in bench activities".

At this point, I've contacted both HR and Management
and explicitly asked about "what the expectations"
are (September 3 for HR and July 27 for Management),
and sent countless emails about the panel, with no
one answering me. The only reference I have for
bench activities is the "Transition to Bench"
document. I'm still waiting on the portfolio
approval (to this day it was never approved after I
changed it per Jalisa's request on Aug 31) and I'm
still waiting on the panel information. The only
other thing I can think of is to work on the
industry certificate.

On September 10, 2021, I exchanged a series of
emails with Sijuola, asking about a code/voucher
for the certification exam, something I'd already
asked about multiple times in July/August , although
no one got back to me. I guess their original
message was that I wasn't worth the resources.
Sijuola did finally connect me with someone from HR
about the certificate.

On September 17 (Friday), I received an email with
the subject of "bench guidelines" from Antony. Keep
in mind that I started the bench on July 26... The
September 17 email
included,

Received by EEOC
Washington Field Office
November 18, 2021

9

1. the expectation to submit portfolio within two days of returning to bench
2. Panel was to be completed within eight days of joining bench
3. the expectation to follow a schedule updated in slack

I was really upset after receiving this message, as if the ignoring and attempted scheduling of panel on a different day than what was communicated wasn't enough, this message didn't even include the slack link or how to access the slack channel. Keep in mind, at this point, I still haven't had access to the panel and I still haven't received the portfolio approval.

The following Monday and Tuesday (September 19, September 20) I forwarded the Bench Guidelines message to Sijuola explaining that I felt my rights were being violated and that the email didn't contain any information on how to access the slack.

On September 22, I get an email from Sijuola asking about the Ada forms and also acknowledging my email about the bench activities, verifying whether I had access to the bench activities.

On September 23, I get an email from Julie with the subject of Formal Notice of Performance Deficiency. The email stated the following:

"Good afternoon, Danielle. After your discussion with HR on 9/7/21, you were instructed to resume Bench activities in full. After over a week of continued nonparticipation, on 9/17/21, you were notified again by Antony of the expectations

Received by EEOC
Washington Field Office
November 18, 2021

10

Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 39 of 52 PageID# 47
Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 18 of 31 PageID# 437
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 23 of 36 PageID# 304
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 18 of 31 PageID# 25   12/22

25 of 38

regarding Bench participation. At this time, you still have not participated in any of the required activities for your time on Bench.

This is formal notice that you are to begin Bench activities participation in full no later than tomorrow or escalation will be initiated."

I tried to explain, I guess very foolishly so, that

1. September 17, 2021 was the first time I'd received anything about bench activities beyond the panel and portfolio.

2. I'd been writing to them for months at this point with no answer

2. The panel still wasn't scheduled

3. I'd communicated to HR that I was working on a certificate

4. I wrote to HR about not having access to the slack link

I'd only used slack very birefly to set up an account in between training and client onboarding back in 2020. The entire training was conducted on the discord application, nothing to do with slack. For the short amount of time that slack was used in 2020, I needed specific links so I thought this was the same.

That week, I'd been working on a 'badge', a cloud assessment, and had finally finished on September 23rd.
(the duration was multiple work days and I have

Recieved by EEOC
Washington Field Office
November 18, 2021

11

Case 1:24-cv-00680-PTG-LRV Document 1-1 Filed 05/24/24 Page 40 of 52 PageID# 48
Case 1:22-cv-01158-RDA-WBP Document 39-3 Filed 10/27/23 Page 24 of 36 PageID# 305
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 19 of 31 PageID# 26

26 of 38

documentation of when it was completed) I needed
this badge to qualify for the certificate ; this is
what I'd mentioned to HR the week prior. Management
and HR agreed that I'd had access to slack the whole
time so all I had to do was login. I tried to
explain that I didn't know that and that is why I
was reaching out via email. why didn't anyone from
management at any point take even 30 seconds to
write back to my emails just say hey why aren't you
signed into slack? It would have been resolved
immediately, they are the ones who were ignoring my
communications.

Still on September 23, I wrote to Sijuola about the
forms explaining that I would need HR to at least
address some of my concerns in order to feel
comfortable and have confidence the abuse would not
continue. I also asked if I would be permitted to
deliver the forms in person. Sijuola stopped
responding after this.

On September 24, 2021, I joined the scheduled
activity of "presentation of the week" and it was
nothing to do with job related functions to
Salesforce , there was literally a five minute
presentation on a technical topic, and the rest of
the time was a discussion about people's personal
families , their pets, and personal holidays. I was
wondering to myself why is it okay for them to send
me a performance deficiency when I was actually
working on work related things and I'd even
communicated that to HR.

To make matters worse, for the next few weeks,
several links for the activities weren't even posted
in the channel that I was given access to. Several
'activity' links were often shared elsewhere, either
on a different slack channel, one that I didn't have

Received by EEOC
Washington Field Office
November 16, 2021

12

Case 1:22-cv-01153-RDA-WBP Document 55-3 Filed 07/18/24 Page 20 of 31 PageID# 439
Case 1:24-cv-00880-PTG-LRV Document 1-1 Filed 05/24/24 Page 41 of 52 PageID# 49
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 25 of 36 PageID# 306
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 20 of 31 PageID# 14/22

27 of 38

access to, or somewhere else that I didn't have access to.

September 27, 2021 I finally received the panel email from Jenifer, and this time the stated time is September 29 [9:00 am to 5:00pm]. I thought there would be a place to send text otherwise someone definitely would have said something at this point.

On September 29, 2021 the panel had no place for me to send any text. I was really upset that no one even bothered to say anything. It is worth noting that on all other tools used by Respondent for interactions (zoom, hirevue, discord, slack, teams) there is a place for text in the form of instant message or chat. It was as if they went out of their way to remove the text chat feature. I wrote an email to Sijuola asking why there was no place for text on the panel. I felt like this was super hostile. I never got an answer. I completed the panel and got a notification that the panel was successful.

I'm spending a lot of time crying.

At 6:00 pm on September 29, I get email from Sijuola with the subject of "RE: Interactive Discussion – 2nd/Final Follow Up", this email was a response to the Sijuola's email from September 23, the one that I responded to, except that Sijuola seemed to have deleted my response in the chain of conversation , or maybe responded from the last email they sent, as to not include my response.

I responded, I guess very foolishly and definitely extremely distressed, explaining I'd responded already, a week prior, asking why my timesheet hadn't been approved , and I also forwarded my original response, where I asked about bringing the

Recieved by EEOC
Washington Field Office
November 18, 2021

13

4

I wrote back on October 5, again asking about a place for text....I got an immediate response asking me if I was able to redo the panel right at that

October 5, I received a message from Antony, stating I needed to do the panel again because the audio isn't clear and that I should make sure I am clear when responding to questions.

Shortly after receiving Sijuola's 'conversation over' message, still October 1, my time sheet was rejected and I was instructed to log zero hours for Friday 9/17, Monday 9/20, Tuesday 9/21, Wednesday 9/22.

I stopped asking questions at this point because how many times can I ask the same question?

October 1, Sijuola writes back, saying 'the conversation is over now but I'll be more than happy to resume when you are ready to share the forms.'

October 1, I wrote back to Sijuola again, asking about if I could bring the forms in person.

October 1, Sijuola responds with 'I'm not really sure what you are talking about'. Ignoring my question about whether I can bring the forms in person, and my concerns about being told the wrong day for the panel scheduling with all the ignoring of communications.

October 2021

Forms in person and shared that I wasn't comfortable sharing more information unless my concerns about the hostility from management were addressed.

Received by EEOC
Washington Field Office
November 18, 2021

Case 2:24-cv-00880-PTG-BR Document 5-1 Filed 05/24/24 Page 22 of 31 PageID# 441
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 05/24/24 Page 27 of 36 PageID# 309
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 22 of 31 PageID# 25

29 of 38

moment. I explained I needed some reasonable notice. The conversation was needlessly difficult and Antony repeatedly insisted that I not miss the panel. I felt hostility but also humiliation like they thought it was funny. Antony was the one who repeatedly told me the wrong day for the panel back in August. Just felt like needless subordination and harassment.

October 6, I got an email stating "You were not selected for the interview on Jul 26, 2021 04:30 PM. If there are any questions, reach out to your Staging Manager."

I felt abused and it seemed Respondent A just wanted to make me this was just another attempt to make me quit. It was odd timing. I'd The interview from July 26, 2021 had gone really well, I know I've already mentioned we even discussed the work schedule. The interviewer worked with me in text with no problem.We reached a lot of specific terms for what the relationship would be like. The interviewer stated they were looking for someone to add to their internal team.

During the panel on October 7, I was told that I passed the panel.

I want to again bring up slack because several links for the 'activities' weren't even posted in the channel that I was given access to. Several 'activity' links were often shared somewhere that I didn't have access to. The Tuesday and Wednesday activity turned out to be not applicable most of the time to me because they weren't related to my tech stack. So, the whole telling me not to log hours because I missed work responsibilities, well, I wouldn't have even been participating in those activities even if I had logged into slack.

Received by EEOC
Washington Field Office
November 19, 2021

15

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 23 of 31 PageID# 442
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 44 of 52 PageID# 52
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 28 of 36 PageID# 309
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 23 of 31 PageID# 10/22

30 of 38

Activities were also not mandatory so long as a sent
a message saying my

Produced by FBI
Washington Field Office
November 18, 2021

16

Case 1:22-cv-01153-RDA-WBP Document 55-3 Filed 07/18/24 Page 24 of 31 PageID# 443
Case 1:24-cv-00880-PTG-LRV Document 1-1 Filed 05/24/24 Page 45 of 52 PageID# 53
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 29 of 36 PageID# 310
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 24 of 31 PageID# 81

31 of 38

focus on the certification , so that is another
example of how the cutting of hours was pretextual.

During the week of October 12, I responded to a
request from Antony and Shanker for employees to
volunteer and make a 'quiz' based on their tech
stack.

On October 14, I got a voicemail and mail from
Benjamin, employee of Respondent A, stating intent
to discuss an opportunity with a client. It was an
opportunity to join an internal team of the client.
Benjamin sent me a pdf about the job and it even
included "what is your prefferred way to
communicate", I thought to myself, okay, this is a
good start!

During a teams meeting on October 15, Benjamin
didn't have much to say about the opportunity,
instead, was most interested in my opinion on
Respondent B, and how I felt about Respondent A. The
conversation felt very disingenuous because it was
presented as a new client but the conversation
wasn't actually about that at all.

On October 15, I wrote a follow up to Benjamin
asking if there was any availability to do a test
interview before interviewing with the client.
Benjamin wrote back saying
'oh actually you're not a good fit for this client'.

Also on October 15, I got a message from Shanker
asking me to write a blog for Respondent A. I felt
like wait, I'm not allowed to have an accommodation,
or even have a real interactive process for one ,
but you want me to write a blog for you? Aren't you
supposed to be placing me with a client to work on
Software Engineering? I basically responded with
Sure, I'll write something but if this is going to

Received by EEOC
Washington Field Office
November 16, 2021

✖6 17

Case 1:24-cv-00880-PTG-ERV Document 55-3 Filed 07/18/24 Page 25 of 31 PageID# 444
Case 1:24-cv-00880-PTG-ERV Document 1-1 Filed 05/24/24 Page 46 of 32 PageID# 54
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 30 of 36 PageID# 311
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 25 of 31 PageID# 32

32 of 38

be a regular thing then I should get paid at the client rate since you would be the client.

While not with a client, I was paid minimum wage. I almost felt like a trap of 'we have total control over whether to send you to a client, or not, so we can also just keep you at minimum wage and ask you to do work for us' - felt potentially exploitative.

## November 2021

November 1, I got a missed call from Gabriel, employee of Respondent A. didn't leave any message. I wrote to Gabriel asking what the call was about. Gabriel wrote back stating intent was to confirm interest in a client opportunity, the client and would require me to be onsite in hallandale beach, fl (1000 miles away).

When I searched for the client online, the results showed it was a temp agency so I asked Gabriel to confirm
1. if it was a temp agency and
2. how long the contract would be.

Gabriel confirmed it was a temp agency and had no idea on the contract length.

This was another regression of my employment opportunity. First Respondent A represented that employees were placed with a direct client for a two year program, then only after training, shorter contract lengths were introduced, then all the hostility...and now I was expected to be a temp with no indication on contract length? How could I reasonably plan for housing, or even a regular budget?

I wrote back to Gabriel saying a temp agency with no

18

33 of 38

determined contract length was outside of the scope
to what I agreed to.

November 3, I get an email from Antony saying 'I'm
trying to reach you in slack' and Antony tells me
the temp agency was the only opportunity. Respondent
A wants a "Mutual Release" because no match for my
skill set. I ask about going through a training to
expand my skillset and Antony says it is not
possible, even though the 'Training Agreement' had a
provision that stated Respondent A would provide
additional training if needed.

------Even at some point in October there was a
message sent in the slack channel , asking if people
wanted to partcipate in a 'skills primer', I said
yes except that in response to me, I was told the
primer actually didn't happen, when it turned out
that the primer did happen.

November 8, I get an email from Antony re-stating
Respondent A's attempt to move forward with mutual
release due to lack of demand.

November 10, I receive email with "Termination
Letter- Commitment Not Complete"

Going back and reviewing the 'training  agreement'
there is language about how they had    'sole
discretion' for the project I would be on.

Would this be tortious interference??

19

Received by FBI
Washington Field Office
November 18, 2021

Case 1:22-cv-01153-RDA-WBP Document 55-3 Filed 05/28/24 Page 27 of 31 PageID# 446
Case 1:24-cv-00880-PTG-LRV Document 1-1 Filed 05/24/24 Page 48 of 52 PageID# 56
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 32 of 36 PageID# 313
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 27 of 31 PageID# 34

34 of 38

Although I would never have imagined it would be used this way, perhaps it was their 'say' that moved me off of the project with Respondent B and also their 'say' on whether I joined the

project for the interview from July 26. Basically, the manager from July 26 needed Respondent A's 'okay' to bring me on.

So, even if I had the interview for the temp agency and it went well, like the July 26 interview, Respondent A could have just said 'sorry you weren't selected, we've put you forth all our clients and no one wants to work with you' even though the entire time, whether I joined a client or not, and when I left or not... was Respondent A's discretion...

Examples of adverse events from July 2021 to November 2021

(1)     Ignoring of communications received and/or writing back after significant time saying messages went to spam
-     Ignoring of communications from technology staff
-     HR (text messages too)
-     Management
(2)     Pretextual performance warning from management/ also intimidation
(3)     Scheduling of panel
(4)     Abuse of process outlined in memo for bench pay (delay panel, then revoke portfolio once panel was passed, also interview)
(5)     Engaging in a superficial interactive discussion
(6)     Forced to complete panel twice even though documentation said I passed it the first time
(7)     The panel itself- there was no way for me to type any text when all other things have text boxes,





Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/19/24   Page 28 of 31 PageID# 447
Case 1:24-cv-00880-PTG-ERV   Document 1-1   Filed 05/24/24   Page 49 of 52 PageID# 57
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 33 of 36 PageID# 314
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 28 of 31 PageID# 35

35 of 38

it was almost like they intentionally designed it to be , no one even bothered to mention this throughout all of the discussion about the panel

(8)    Sending job description that included consideration for different ways of communicating only to say that they weren't putting me forward for that client

(9)    After dangling the previous position to me, presenting me with a temp agency, that would require me to relocate 1000 miles, and with no indication contract of length and no policy of evaluation (so it is not like okay at first it will be x length and then at y time, you will have evaluation on whether you will proceed with this client) How is anyone supposed to live their life like this in terms of housing or even monthly budget?

(10)    stating that employment relationship ended because of mutual release, although I was effectually terminated.

(11)    Sending me follow up letter saying my commitment was not complete

(12)    Psychological abuse

It seems they were quite eager to end my employment, but really wanted me to resign. It felt like there was a collective effort to make me quit between August 2021 and November 2021.
Explained as two-year contract, customized training for specific clients, with end goal of direct hire (possibly work for more than one organization but main goal is to connect people with an employer they will stay with).

Reviewed by FBIA
Washington Field Office
November 18, 2021

21

Case 1:22-cv-01153-RDA-WBP   Document 55-3   Filed 07/18/24   Page 29 of 31 PageID# 448
Case 1:24-cv-00880-PTG-LRV   Document 1-1   Filed 05/24/24   Page 50 of 52 PageID# 58
Case 1:22-cv-01153-RDA-WBP   Document 39-3   Filed 10/27/23   Page 34 of 36 PageID# 315
Case 1:22-cv-01153-RDA-JFA   Document 1-1   Filed 10/13/22   Page 29 of 31 PageID# 36

**CONFIDENTIAL AND PRIVATE**

## Requested Relief - Taylor V. Revature LLC - Page 1 of 1

1. hardware and software purchased for the job = $529.13.
2. lost wages from withheld pay for 32 hours @ 15.20/h = $486.40.
3. difference between hours $21.63/h and $15.20/h, $6.43 x 488 for the period in bench that was agreed to last as client pay until 12/31/21 = $3,137.84.
4. lost wages from assignment that had an end date of 12/31/21, time between 11/3/21 and 12/31/21; 14 hrs @ 21.63 and 320 hrs @ 28.85 = $9,534.82.
5. back pay for agreed to wages for second year = $65,000; approximately $60,000 or $70,000;
6. back pay for agreed to wages for third year = approximately $75,000.
7. filing cost this lawsuit = $402.
8. costs for printing machine, ink costs, and faxing documents to eeoc in order to pursue this lawsuit = $250.
9. costs for my labor in order to present a case to EEOC and to present it to the court = 500 hours @ 28.85/h = $14,425.
10. emotional harm = $75,000.
11. punitive damages $300,000 because of gas lighting abuse and deception.
12. To stop disparaging me - their response to EEOC charge included false statements so I am concerned they are also disparaging me to potential employers and I need this to stop.

Case 1:22-cv-01153-RDA-WBP  Document 55-3  Filed 07/18/24  Page 30 of 31 PageID# 449
Case 1:24-cv-00880-PTG-LRV  Document 1-1  Filed 05/24/24  Page 31 of 32 PageID# 59
Case 1:22-cv-01153-RDA-WBP  Document 39-3  Filed 10/27/23  Page 35 of 36 PageID# 316
Case 1:22-cv-01153-RDA-JFA  Document 1-1  Filed 10/13/22  Page 30 of 31 PageID# 37



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Washington Field Office
131 M Street, NE Fourth Floor, Suite 4NW02F
Washington, DC 20507
(800) 669-4000
Website: WWW.EEOC.gov



## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/21/2022

To: Ms. Danielle Taylor

Charge No: 570-2022-00724

EEOC Representative and email:    Natnael Workn
Investigator
natnael.workn@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 570-2022-00724.

On behalf of the Commission,

Digitally Signed By Mindy Weinstein
07/21/2022
Mindy Weinstein
Director

Case 1:22-cv-01153-RDA-WBP Document 55-3 Filed 07/18/24 Page 31 of 31 PageID# 450
Case 1:24-cv-00880-PTG-LRV Document 1-1 Filed 05/24/24 Page 52 of 52 PageID# 60
Case 1:22-cv-01153-RDA-WBP Document 39-3 Filed 10/27/23 Page 36 of 36 PageID# 317
Case 1:22-cv-01153-RDA-JFA Document 1-1 Filed 10/13/22 Page 31 of 31 PageID# 38

Cc:
Carol Baxter
REVATURE
carol.baxter@revature.com

Edward L Isler
IslerDare, P.C.
eisler@islerdare.com

Please retain this notice for your records.