IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Taylor Plaintiff | ) |
| Vs. | ) |
| | ) # 1:22-cv-1153 |
| Revature LLC. Defendant | ) |

## MEMORANDUM SUPPORTING DISCIPLINARY ENFORCEMENT

### I. INTRODUCTION

Based on the Defendant's new filings, I'm filing a new motion for disciplinary enforcement. Defendant's decision to continue arguing two things- ADA Definitions and the exhaustion of administrative remedies for retaliation and interference - that in itself isn't the problem- the problem is nothing new was added to these previously rejected arguments. It's just a waste of my time and is prejudicial to me and is also a waste of the Court's resources.

I want to highlight the difference between a weak argument and a frivolous argument. To draw a distinction, consider the Defendant's position on 'qualified individual'. There are facts clearly supporting qualified individual was plead. However, Defendant has yet to try the argument that simply says 'there's no facts'. So, even though Defendant's position on 'qualified individual' is weak, it's not frivolous at this point. Compare this to Defendant's arguments on definitions and exhaustion of administrative remedies. Without adding anything new, Defendant's attorneys have presented this Court with the exact same arguments that were rejected on May 15, 2024. Had Defendant included anything new in their arguments on definitions and exhaustion of

1

admin. remedies- they would still be in weak territory but instead, because nothing new was added, they have transformed weakness into pure frivolousness.

This instant motion is based on Defendant's Memorandum filed in this docket on August 2, 2024 as it relates to a pattern on the record as a whole.

## II. RELEVANT FACTS

On 11/13/23 Defendant's attorneys opposed my motion to amend/correct the complaint, arguing two things; (1) the proposed complaint wasn't appropriate because the case was closed; (2) the additional facts were futile, taking issue with the pleading of sufficient facts to establish a disability and the exhaustion of administrative remedies for retaliation and interference. I responded on 11/20/23, outlining why the Defendant's positions were erroneous from a factual and legal perspective. On 5/15/24, this Court issued an order in my favor, thus ruling the amendment was not futile. The 5/15/24 order directed me to file the complaint in a new docket, leaving this docket closed. I filed the complaint in a new docket on 5/24/24.

On 7/12/24 the Defendant argued they didn't need to respond to the claims in the new docket. Changing positions, Defendant now states this docket is where the complaint should have been filed, even though they previously argued this docket was not the proper place for the filing because the case remained closed. I subsequently refiled the complaint on this docket on 7/18/24. On August 2, 2024, Defendant filed another motion to dismiss and that is the subject of this memorandum .

### III. <u>ARGUMENT</u>

<u>JURISDICTION</u>

The attorneys for Defendant are bound by the Virginia Rules of Professional Conduct. According to Local Civil Rule 83.1, the Ethical Standards of this Court are Section II Of Part Six, Rules of the Virginia Supreme Court. All attorneys before this Court, pursuant to Local Civil Rule 83.1, are subject to disciplinary action for violations of the Virginia Rules of Professional Conduct. Rule 3.1 states a lawyer shall not bring it, to defend a proceeding or assert/controvert an issue unless there is a legal or factual basis that is not frivolous.

### A. <u>PLEADING OF DISABILITY</u>

    i.   Actual

In Defendant's August 2, 2024 memo, this is their entire argument for contesting "actual":

> As best as can be discerned, Plaintiff's only attempt to address actual disability in the * Amended Complaint, is an oft repeated allegation that: Plaintiff has received medical treatment for a disability that restricts her ability to communicate and specifically impairs her use of vocal speech. This clearly does not remediate the issue identified by the Court. Despite the Court's Order, Plaintiff still does not allege that she has any specific medical condition that limits her ability to communicate. She has simply, in a conclusory fashion, stated that she has a disability that affects her speech. This is not sufficient. Additionally, Plaintiff does not allege any specific facts that would establish her unidentified condition substantially limits her vocal speech. Quite simply, the * Amended Complaint still does not adequately allege an actual disability."

Defendant's position here is two main statements:

1. The fact that I've received medical treatment for a disability that restricts my ability to communicate and specifically impairs my use of vocal speech is not enough to meet the Actual prong in their opinion.

2. Defendant says I haven't put forth any other facts to support the 'actual' prong.

3

This is especially problematic because on November 20, 2023, I responded to this exact same argument before the Court ruled in my favor on May 15, 2024. In defending my motion, I wrote the following:

> In discussing the "actual" prong of the 'definitions analysis', the Summers Court explained "if Summers's impairment substantially limited his ability to walk, he suffered a "disability" for purposes of the ADA. Here, Plaintiff used 0% vocal speech, 100% written word to communicate for more than 8 months while at the job. Clearly, Plaintiff's impaired communication substantially limited her use of vocal speech. Thus, Plaintiff suffered a "disability" for purposes of the ADA. For definitions purposes, the analysis should be this simple.

I presented a case analogy and additional facts, even without mentioning my unfortunate need for medical treatment. Defendant has failed to adhere to ethical standards because their actual prong doesn't add anything new to what was already rejected. They don't have an analysis of any case at all. Defendant's decision to continue arguing ADA Definitions on Actual isn't the problem itself- **the problem is they had nothing new to add. It's inappropriately redundant. The problem is the Court already rejected this exact argument on May 15, 2024**[1]

    ii.    Record of

In Defendant's August 2, 2024 memo, this is their entire argument for contesting "record of":

> Nor does the * Amended Complaint establish a "record of disability." Previously, the Court rejected such a claim because "Plaintiff has failed to allege any facts identifying a physical or mental impairment in her Complaint or provide any medical documentation of a physical or mental impairment." Plaintiff's * Amended Complaint still does not identify any physical or mental impairment for which she previously has received treatment or attach any medical documentation to support a claim that she previously was treated for disability.

---

[1]

Their 'record of' position is extra problematic because in the paragraph right before, they acknowledged the fact that I've received medical treatment for a disability that restricts my ability to communicate and specifically impairs my use of vocal speech.

Again, notably, Defendant doesn't discuss any case law here, or even mention the actual law that should be applied. Again, in September 2008, Congress broadened the definition of "disability" by enacting the ADA Amendments Act of 2008, Pub.L. No. 110-325,122 Stat. 3553 ("ADAAA" or"amended Act"). Further, Congress instructed that the term "substantially limits" be interpreted consistently with the liberalized purposes of the ADAAA. Id. § 12102(4)(B). 29 CFR § 1630.2 is instructive here, explaining that "(ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."

On November 20,2023 I presented numerous facts:

> The facts about Plaintiffs use of written word to ask all questions, 100% of the time, during training was something Plaintiff received permission from Defendant for. Most people would not be writing out questions when asking questions at a new job, generally people would find it a lot easier to have a free flow of vocal speech. Thus, Plaintiff's use of vocal speech was substantially limited and Plaintiff received a reasonable accommodation for the same. There's also the facts about Plaintiff participating in activities with written words where other people were participating in vocal speech. For one example, there were the meetings during staging where Plaintiff received permission to communicate work updates in writing where most people (if not all people) communicated their work updates with vocal speech. Thus, Plaintiff's use of vocal speech was substantially limited and Plaintiff received a reasonable accommodation for the same. There's also the facts about more than 8 months of 0% percent vocal speech, 100% written word. Thus, Plaintiff's speech was substantially limited and received reasonable accommodation for the same. There is also the fact that Defendant noticed Plaintiff's impaired speech during training. There is also the fact that Plaintiff was trying to get an in-person meeting to discuss the accommodation and deliver medical documentation as part of the accommodation process. There is also the fact that Defendant never responded to Plaintiff's request for an in-person meeting even though Plaintiff asked multiple times. There is the fact that Plaintiff has received medical treatment for a disability that restricts

> her ability to communicate and specifically impairs her use of vocal speech. All of this taken together is more than enough. Plaintiff's impairments are a source of enormous pain and isolation for Plaintiff. Why don't you try not using vocal speech for a majority of the time even for a week, you probably wouldn't be able to live like that.

If Defendant wanted to make a meritorious argument on the issue of ADA Definitions for Record Of, they needed to add something new or engage with something from the above. By not engaging with any of the facts, and not adding anything new, they've put forth a bad faith argument. **Again, Defendant's decision to continue arguing ADA Definitions on Record Of isn't the problem itself- the problem is they had nothing new to add to an already rejected argument. It's inappropriately redundant**.

### iii. Regarded As

In Defendant's August 2, 2024 memo, this is their entire argument for contesting "regarded as"

> …the Court previously rejected a "regarded as" disability claim because Plaintiff failed to adequately allege that Revature viewed her as unable to work in the industry generally or viewed her as substantially limited in her ability to do her job as a result of any medical impairment. As best as can be discerned, Plaintiff has not added any allegations in the * Amended Complaint that would affect the Court's analysis on a regarded as claim.

On November 20, 2023, under "regarded as" I wrote the following:

> There is the fact that Plaintiff used 0% vocal speech for more than 8 months. There is the fact that Defendant's employee suggested that it would not be possible for Plaintiff to even complete a technical interview with a client using all text on July 26, 2021. There is the fact that Plaintiff's manager described Plaintiff's communication impairment as a problem, asking "how long are you going to have this problem". There is the most significant fact that this same manager stopped answering her communications immediately after this, ignoring questions of day-to-day expectations, questions about the need for an accommodation to complete the panel, and even refused to meet with her to discuss concerns. It was nearly two months later when Plaintiff first received a response from management about day-to-day expectations. Let me repeat that again, nearly two

6

> months later when Plaintiff first received a response about day-to-day expectations despite Plaintiff's communications to staff and despite Plaintiff's Complaints to HR. There is also the fact about how long it took Defendant to provide Plaintiff with complete forms for medical certification, a month and a half. This fact is also significant because Plaintiff's manager wouldn't communicate with her throughout this entire time about day-to-day expectations. There is the fact that previously, at all other times in Plaintiff's employment, whether she was in training, staging, or with the client. Plaintiff received communications from Defendant multiple times per day. At the very least. Plaintiff had at least daily communications from someone at all other times. The cessation of daily communications was quite dramatic, especially because Plaintiff kept reaching out. These facts support that Defendant deemed Plaintiff substantially limited in her ability to perform her specific job at that time, or even to work generally.

If Defendant wanted to continue challenging regarded as, they needed to add something new to their argument in terms of legal analysis or engage with the facts. The fact that this Court ruled in my favor on May 15, 2024 is not something the Defendant should have ignored.

For the reasons just described, all three of Defendant's positions of ADA Definitions are bad faith arguments and were previously rejected. **These are serious ethical issues**.

## C. **EXHUASTION OF ADMINISTRATIVE REMEDIES FOR RETALIATION AND INTERFERENCE**

I again want to discuss the difference between a weak argument and a frivolous argument to show how Defendant has crossed the line into bad faith frivolousness. Consider Defendant's argument regarding exhaustion of administrative remedies, the one that was made on November 13, 2023 and was rejected by this Court of May 15, 2024.

On November 13, 2023 Defendant stated that no retaliation or interference claims should be preserved because a check box mark wasn't present and they said the narrative didn't describe the claims in their opinion [2]. They wrote the following:

---

[2] **Notably there's no 'check box' for interference.**

In the Dismissal Order, the Court stated, "[a] plaintiff is barred from bringing a claim for retaliation in court when her charge alleges discrimination but fails to check the box or raise a claim for retaliation in the narrative. Applying that rule to Plaintiff's Charge, this Court held:  Here, Plaintiff failed to exhaust her retaliation claim. In her EEOC Charge, Plaintiff failed to select the box for retaliation. Additionally, in the narrative section of Plaintiff's EEOC charge, she described her claims specifically as "hostile environment and failure to provide a reasonable accommodation," but did not mention retaliation. Dkt. 1-1 at 7. Thus, the Court finds Plaintiff's EEOC Charge did not put Defendant "on notice of" Plaintiff's ADA retaliation claim as it did not contain allegations describing retaliation. Despite this holding, in Plaintiff's Proposed Amended Complaint, in Counts 3, 5, 6 and 7, she still alleges four separate claims for retaliation and interference (presumably under the Americans with Disabilities Act ("ADA") even though the ADA is not mentioned in her Proposed Amended Complaint) Based on the Court's reasoning, Plaintiff cannot assert these claims in this Court, unless she can first demonstrate that she timely filed a separate charge of discrimination with the EEOC
that preserved such claims. Plaintiff has not done so. In fact, as part of her Proposed Amended Complaint, Plaintiff has attached the very same Charge which the Court already ruled was insufficient to grant her standing to bring such claims.

On November 13, 2023, this was a weak argument which was ultimately rejected by the Court on May 15, 2024. But now, it is a frivolous argument because Defendant's attorneys decided to use the same argument, without adding anything new on August 2, 2024. Despite the Court already having rejected the argument, they decided to include the exact same thing on all claims for retaliation or interference. Defendants have made a clear showing of bad faith. Major waste of my time and the Court's.

## IV.     CONCLUSION

Even though the Court rejected Defendant's arguments for - pleading sufficient facts to establish ADA disability and exhaustion of administrative remedies - Defendant has refiled those same arguments in their answer to the complaint on 8/2/24. If they wanted to continue arguing those issues, they needed to add something new. Defendant's arguments on ADA Definitions and

8

Exhaustion of Administrative Remedies impacts their answer to every single claim. They have put forth a bad faith arguments in their answer to each and every claim.

I can see more ethical issues when considering the record as a whole but I don't have time to discuss them all because I have to work for money so I can pay for my basic needs. Defendant's behavior is creating an undue burden. I'm having to take extra time to point all of this out and do the research.

**<u>I will address the non-frivolous parts of Defendant's Memorandum from August 2, 2024 in a forthcoming response. However, I think Defendant should be ordered to respond to the claims on the new docket with strict orders to abstain from frivolousness.</u>**

## CERTIFICATES

### A. Truthfulness

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

Date: August 8, 2024

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: _[signature]_