**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **DANIELLE TAYLOR** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | )   **Case No. 1:22-cv-1153-RDA-WBP** |
| | ) |
| **REVATURE LLC** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S SECOND MOTION FOR DISCIPLINARY ENFORCEMENT**

Defendant Revature LLC ("Revature") hereby submits this Opposition to Plaintiff's Second Motion for Disciplinary Enforcement (Dkt. 60-61) ("Second Motion for Discipline").  For the reasons stated below, the Second Motion for Discipline is frivolous and should be denied.  Although Plaintiff is proceeding *pro se* and therefore should be afforded some latitude in her pleadings, her practice of filing completely unfounded sanctions motions against Revature's counsel (Dkt. 45-46 and Dkt. 60-61) is sanctionable itself.

**PROCEDURAL HISTORY**

1.       In the initial round of this case, Plaintiff filed her Complaint asserting four counts under the ADA on October 13, 2022 (Dkt. 1); added a fifth claim on February 21, 2023 (Dkt. 16); added sixth claim on March 22, 2023 (Dkt. 24); and attempted to add a seventh claim without leave of court (Dkt. 30).

2.       Revature moved to dismiss each of the first six claims, and moved to strike the improper amendment that asserted a seventh claim.  (Dkts. 8, 18, 27, and 34.)

3.      On September 28, 2023, the Court granted all three of Revature's pending motions, dismissed each of Plaintiff's claims.  (Dkt. 38 (the "Dismissal Order")).  The Dismissal Order also stated:

> FURTHER ORDERED that if Plaintiff so chooses, she may file a Motion to Amend, with an attached proposed Amended Complaint providing a chronological, plain statement of the facts in compliance with Federal Rule of Civil Procedure 8, within 30 days of this Order.

4.      Plaintiff filed a Motion to Amend on October 27, 2023 (Dkt. 39), which proposed an amended complaint containing seven separate claims against Revature.

5.      Revature filed a short Opposition to the Motion to Amend (Dkt. 41) on futility grounds.  The Opposition focused on two straightforward flaws that were the basis for the Court's decisions in the Dismissal Order, together which appeared to doom each of the proposed claims— (i) the retaliation and interference claims were not preserved in the relevant EEOC Charge ("Failure to Exhaust Argument"); and (ii) the remaining ADA claims were barred because Plaintiff had still not pled a disability under the statute ("Failure to Plead Disability Argument").

6.      On May 15, 2024, Magistrate Judge William Porter granted Plaintiff's Motion to Amend stating in the substantive portion of the order:

> Rule 15 advises that a court must freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Plaintiff also is proceeding *pro se*, which entitles her pleadings to a liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Having reviewed the parties' briefings on the Motion, and because Plaintiff has satisfied the Court's Opinion and Order to include a chronological plain statement of facts in an amended complaint, and it otherwise being proper so to do, it is hereby
>
> ORDERED that the Motion is GRANTED . . .

(Dkt. 44.)

7.      From the Order, it appears Judge Porter's ruling was based upon the well-established principle under Rule 15 directing courts to freely grant leave to amend in certain

circumstances, the liberal construction afforded to pro se litigants, and his interpretation that the Dismissal Order essentially permitted Plaintiff to file a Fourth Amended Complaint as long as she provided a "chronological plain statement of facts" and that Plaintiff had met that modest threshold in her proposed pleading.  The Order did not seem to rule upon Revature's futility argument.

8.      In any case, even if Judge Porter *had* substantively decided against Revature's arguments on made in its Opposition to the Motion to Amend, such a ruling would not be binding on the District Court Judge in any subsequent Motion to Dismiss under Rule 12(b)(6).

9.      As part of his Order, Judge Porter required Plaintiff to "file her Amended Complaint (ECF No. 39-1) with the Clerk's office as a new docket entry."  (Dkt. 44.)

10.      Plaintiff did not follow that direction for over two months.  Instead, she initiated a new lawsuit.  *See Taylor v. Revature LLC*, 1:24-cv-880 (E.D. Va.) ("*Taylor II*").  Thereafter, Plaintiff served *Taylor II* on Revature, forcing Revature to bear the time and expense of filing a Motion to Dismiss in *Taylor II* for impermissible claim-splitting.  (*See Taylor II*, Dkts. 5, 6.)

11.      On July 18, 2024, over two months after Judge Porter's Order, and following her review of the *Taylor II* Motion to Dismiss, Plaintiff finally filed the Fourth Amended Complaint in the instant matter, (Dkt. 55), and served Revature with a copy of that filing the following day.

12.      On August 2, 2024, Revature timely filed a Motion to Dismiss all seven claims in the Fourth Amended Complaint.  (Dkts. 57, 58.)  As would be expected, included amongst the numerous grounds supporting the instant *Taylor I* Motion to Dismiss were the Failure to Exhaust Argument and Failure to Plead Disability Argument.

**ARGUMENT**

**A.      There Is No Basis For Plaintiff's Motion.**

Plaintiff's instant Motion argues that it was somehow "frivolous" for Revature to assert the Failure to Exhaust and Failure to Plead Disability Arguments in its pending Motion to Dismiss. There is absolutely no basis for this assertion.

As noted above, Judge Porter does not appear to have actually ruled substantively on these arguments.  Moreover, even if he had made such a ruling, it would not prevent the District Court Judge from reaching a different result on a Motion to Dismiss under Rule 12(b)(6), and consequently it cannot be frivolous for Revature to re-argue them.

Further, neither of these arguments are remotely "weak".  Both arguments are supported not only by case law, <u>but by this Court's own prior Dismissal Order in this very case</u>.  Revature fully expects to prevail on the pending Motion to Dismiss both on the basis of these arguments and others, precisely because they rely on the Court's own prior rulings.

In summary, Plaintiff's suggestion that the Failure to Exhaust and Failure to Plead Disability Arguments are frivolous and warrant discipline is without any legal or factual basis. Plaintiff's Motion must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's baseless Motion for Discipline should be denied.

Dated: August 22, 2024                           Respectfully submitted,

                                                  /s/ Micah E. Ticatch
                                                Edward Lee Isler, Va. Bar No. 27985
                                                Micah E. Ticatch, Va. Bar No. 83351
                                                ISLER DARE, P.C.
                                                1945 Old Gallows Road. Suite 650
                                                Vienna, Virginia 22182
                                                Phone: (703) 748-2690
                                                Facsimile: (703) 748-2695
                                                eisler@islerdare.com

mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22d day of August 2024, I served the foregoing via the ECF system and by electronic mail upon the following:

Danielle Taylor
3622 Old Silver Hill Road, #908
Suitland, MD 20746
t842202@gmail.com

Plaintiff, *pro se*


‌     /s/ Micah E. Ticatch
Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*