IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DANIELLE TAYLOR**  )<br>)<br>*Plaintiff,*  )<br>)<br>v.  )<br>)<br>**REVATURE LLC**  )<br>)<br>*Defendant.*  )<br>_____) | Case No. 1:22-cv-1153-RDA-WBP |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
Isler Dare, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

**TABLE OF CONTENTS**

A.  Plaintiff's Claims for Discriminatory Discharge, Failure to Accommodate and Hostile Work Environment Must be Dismissed. .................................................................................. 1

    1.  All of the non-retaliation claims must be dismissed because Plaintiff has not adequately pled disability or that she was a qualified individual. ................................. 1

        a.  Plaintiff has not adequately pled a disability. ......................................................... 1

        b.  Plaintiff has not adequately pled she is a "qualified individual." ........................... 3

    2.  Even if Plaintiff is deemed a qualified individual with a disability, her termination claim still fails. ........................................................................................................ 4

        a.  Plaintiff has not adequately pled she was meeting her employer's expectations. ............................................................................................................ 4

        b.  Plaintiff has not pled facts that would suggest her discharge occurred under circumstances giving rise to an inference of discrimination. .................................. 4

    3.  Even if covered by the ADA, Plaintiff cannot state a claim for failure to accommodate because she did not provide Revature any documentation to support a finding of a medical impairment. ................................................................................... 6

    4.  Even if covered by the ADA, Plaintiff has failed to state a claim for hostile environment because she has not pled severe or pervasive conduct. .............................. 7

B.  Plaintiff's Retaliation and Interference Claims Must Be Dismissed. ....................................... 7

    1.  Each of the retaliation and interference claims are subject to dismissal for failure to exhaust administrative remedies. ................................................................................. 8

    2.  Plaintiff has not adequately pled a retaliation claim for a pay reduction. ....................... 8

    3.  Plaintiff has failed to state claims for retaliation related to the rejection of her portfolio. ...................................................................................................................... 10

    4.  Plaintiff has not adequately pled interference based on the rejection of her portfolio. 11

    5.  Plaintiff has failed to state a claim for interference with her request for accommodation. ........................................................................................................... 12

    6.  Plaintiff has failed to state a claim for interference based on Revature's enforcement of its policies. ............................................................................................................ 13

C.  The Fourth Amended Complaint Should be Dismissed with Prejudice. ............................... 15

In its initial Memorandum in Support of its Motion to Dismiss (Dkt. 58) ("Memorandum") Revature demonstrated numerous reasons that each of Plaintiff's claims in her Fourth Amended Complaint (Dkt. 55-1, 55-2, and 55-3) should be dismissed. As explained below, nothing in Plaintiff's Response to the Motion to Dismiss (Dkt. 63) alters the analysis. Consequently, Plaintiff's claims should be dismissed with prejudice.[1]

### A. Plaintiff's Claims for Discriminatory Discharge, Failure to Accommodate and Hostile Work Environment Must be Dismissed.

As previously noted, Plaintiffs claims for Discriminatory Discharge (Count I), Failure to Accommodate (Count II) and Hostile Work Environment (Count IV) all fail both because she has not pled facts to establish she was a qualified individual with a disability, and because she has not pled sufficient facts to plausibly state that she was subject to a discriminatory discharge, that Revature failed to accommodate her or that Revature subjected her to a hostile work environment. (Dkt. 58 at 7-13, 17-18.)

    1. All of the non-retaliation claims must be dismissed because Plaintiff has not adequately pled disability or that she was a qualified individual.

        *a. Plaintiff has not adequately pled a disability.*

In the initial Memorandum, Revature established that Plaintiff did not allege sufficient facts to plausibly demonstrate she was actually disabled. (Dkt. 58 at 7-9.) As with all of the prior iterations of her Complaint, Plaintiff still has not alleged any specific medical condition or physical impairment that limits her ability to communicate, nor has she alleged any specific facts that would establish her unidentified condition *substantially* limits her vocal speech.

---

[1] In this Reply, Revature does its best to respond to Plaintiff's arguments in the Opposition to the extent they can be discerned. Unfortunately, Plaintiff's brief is not written in a straightforward manner, is filled with unwarranted attacks on Counsel, and contains no citations to the Fourth Amended Complaint, making it difficult to always fully comprehend Plaintiff's arguments.

1

In Opposition, Plaintiff points to the allegation that she "used 0% vocal speech, 100% written word to communicate for more than 8 months while at the job" as a purported basis for establishing disability. (Dkt. 61[2] at 4 of 10.) Plaintiff's argument is without merit. Even if credited, the allegation she points to only describes *her conduct* during her employment — not her physical capabilities. The fact that she chose to communicate by email during her employment does not mean that she was *physically limited* in her ability to engage in oral communications. Plaintiff has been given multiple opportunities[3] to plead facts that would demonstrate that she had an actual disability. She has not done so. *See* Dismissal Order (Dkt. 38) at 11-12 (citing, *e.g.*, *Smith v. Virginia Dep't of Agric. & Consumer Servs.*, 2012 WL 2401749, at *9 (E.D. Va. 2012); *Bakra v. RST Mktg.*, 2019 WL 3459251, at *2 (W.D. Va. 2019)).

Similarly, she has also failed to establish a "record of disability." Plaintiff appears to argue that she has established a "record of" because she alleged that she "received medical treatment for a disability that restricts her ability to communicates." (*Id.* at 5.) However, an amorphous allegation of unspecific medical treatment to treat an unspecified "disability" is not sufficient to plausibly state a claim. Because Plaintiff still has not identified any physical or mental impairment for which she previously has received treatment or attached any medical documentation to support a claim that she previously was treated for disability, she has not established a "record of" disability.

---

[2] Plaintiff's Opposition appears to incorporate the arguments made in her Memorandum in Support of Disciplinary Enforcement, which is referenced above. (*See, e.g.,* Dkt. 63 at 2.)

[3] It is worth noting that Plaintiff failed to identify a specific medical condition or physical impairment: (1) when asked by Revature during the interactive process; (2) in her EEOC charge; (3) in any of five complaints in this Court; or (4) in any one of her numerous briefs filed since this litigation started.

2

Lastly, as noted previously, Plaintiff failed to adequately allege a "regarded as" claim because she does not plausibly allege that Revature viewed her as unable to work in the industry generally or viewed her as substantially limited in her ability to do her job as a result of any medical impairment. In her argument, Plaintiff primarily points to the fact that Revature was allegedly slow to respond to her request for accommodation. (*See id.* at 6-7.) But those allegations do not plausibly suggest that Revature believed she was unable to perform her job. In fact, if anything, Plaintiff's own allegations suggest the opposite, that because Plaintiff failed to provide medical certification, Revature operated under the impression that she *could* perform the job without any accommodation. (*See, e.g.,* Dkt. 55-3 at 25 of 31 (Revature attempting to place Plaintiff with client in Florida).) In sum, Plaintiff has not pled the existence of a disability under the ADA, and consequently her claims in Counts I, II, and IV must be dismissed.

    b.  *Plaintiff has not adequately pled she is a "qualified individual."*

As stated in its initial Memorandum, in the Fourth Amended Complaint Plaintiff pled that her job consisted of 10 separate essential functions, but the pleading failed to plausibly allege that Plaintiff could actually perform those functions. (*See* Dkt. 58 at 9-10.) Plaintiff argues that she met her pleading requirements because she alleged that "[o]n July 30, Plaintiff assured Defendant's HR that she could do her job." (Dkt. 63 at 3 of 21 (presumably quoting Dkt. 55-1 at 3 of 8).) This fails to address the issue for a number of reasons. First, an allegation that she reported to an HR representative her own perception that she could perform her work is not the same as an allegation that what she reported was accurate. More importantly, a conclusory allegation that she "could do her job" is not sufficient to plausibly establish that she could actually perform all ten essential functions. To meet the plausibility standard, Plaintiff needed to plead facts that demonstrate she

3

was capable of each function either with or without an accommodation. Because she did not do so, her non-retaliation claims must all be dismissed for this reason as well.

> 2. <u>Even if Plaintiff is deemed a qualified individual with a disability, her termination claim still fails.</u>
>
>> a. *Plaintiff has not adequately pled she was meeting her employer's expectations.*

As noted, Plaintiff's own allegations establish that during the relevant time period, (i) she was on Revature's "Bench" (and therefore not generating revenue); (ii) she received repeated communications from Revature that she was failing to adequately perform her Bench activities; and (iii) she refused to interview for a client placement because she felt the position was with a "temp agency with no determined contract length." (Dkt. 58 at 10-11.)

In her Opposition, Plaintiff implausibly argues: (i) the Court should ignore that she was on the bench throughout the relevant period unable to be placed with a paying client because Plaintiff is allegedly unaware how the company makes money; (ii) the warnings she received for failure to perform activities should be disregarded; and (iii) it is the company's fault she did not interview with the "temp agency" because even though she rejected the opportunity, Revature could have scheduled the interview anyway. (Dkt. 63 at 4-6.) None of these arguments is remotely persuasive. More importantly, it was Plaintiff's obligation to affirmatively allege sufficient facts to plausibly establish she was meeting Revature's expectations at the time of her termination. She did not do so. Consequently, her discharge claim must be dismissed.

>> b. *Plaintiff has not pled facts that would suggest her discharge occurred under circumstances giving rise to an inference of discrimination.*

As noted previously, there is no inference of discrimination here, where: (i) Revature repeatedly attempted to engage in the interactive process, and was only prevented from continuing that process because Plaintiff failed to provide any medical certification; (ii) Plaintiff was

4

terminated only after being on the bench for three months without performing required activities, and then declined an interview with a client; and (iii) five months passed between the request for an accommodation and the termination, negating any inference that the discrimination was in response to that request. (Dkt. 58 at 11-12.) Plaintiff offers no persuasive response to these points. In her Opposition, Plaintiff references the allegation that when she first raised her alleged limitations her manager, he allegedly asked, "how long are you gonna have this problem?" (Dkt. 63 at 6 (presumably referencing 55-3 at 9-10 of 31.) Even taking this allegation as true, her manager's response would be a reasonable query given the circumstances, and it certainly does not suggest that Plaintiff's termination five months later was motivated by discriminatory animus. Plaintiff's Opposition also references her claim that she asked to bring her medical certification in-person, but Revature did not respond to that request. (Dkt. 63 at 7.) Again, even if that allegation is credited, Revature's failure (during the COVID pandemic when most employees were working virtually) to respond to Plaintiff's request to meet in person to collect paperwork does not plausibly demonstrate *discriminatory animus* on the Company's behalf.

Lastly Plaintiff she argues that she "found other people who said they lost their employment with Defendant because of their disabilities, or that Defendant generally doesn't do reasonable accommodations (the online reviews)." (Dkt. 63 at 7 of 21.) Even at the motion to dismiss stage, amorphous references to other unnamed individuals who were allegedly treated unfairly by Revature does not plausibly suggest that Plaintiff was terminated because of her alleged physical impairment.

In order to state a claim, Plaintiff was obligated to plead sufficient facts to plausibly establish that her termination happened under circumstances giving rise to an inference of

5

discrimination. Because she failed to do so, her termination claim must be dismissed for this reason as well.

        3.    <u>Even if covered by the ADA, Plaintiff cannot state a claim for failure to accommodate because she did not provide Revature any documentation to support a finding of a medical impairment.</u>

As explained in Revature's initial memorandum, even if she were covered by the ADA, Plaintiff's accommodation claim would fail because Plaintiff did not allege that she adequately provided Revature on notice of her actual medical condition. (Dkt. 58 at 12-13.) In order to put an employer on notice, an employee must: (i) identify her alleged impairment and (ii) respond to an employer's reasonable requests for information. *See, e.g., Jeffries v. Gaylord Entm't*, 2013 WL 1316382, at *4 (D. Md.), *aff'd*, 538 F. App'x 313 (4th Cir. 2013). It is the employee's burden to ensure their employer has sufficient understanding of the impairment to engage in the interactive process. *See id.*

However, nowhere in the Fourth Amended Complaint has Plaintiff alleged that she disclosed to Revature her alleged physical or mental impairment from which she purportedly suffered, nor does the Opposition make any such reference. (*See* Dkt. 63 at 8-9.) Consequently, her failure to accommodate claim must be dismissed for this reason alone. *Jeffries*, 2013 WL 1316382 at *4; *O'Meara v. Wormuth*, 2022 WL 67321 at *14 (E.D. Va. 2022) (Alston, J.).

Further, the claim is also subject to dismissal because Plaintiff never provided the requested ADA certification paperwork that Revature requested. Plaintiff apparently argues that she was not required to provide the certification because "she asked the Defendant multiple times if she could bring medical documentation . . . but the Defendant never answered her." (Dkt. 63 at 8.) Contrary to her assertion, the ADA does not require an employer to make extraordinary arrangements to obtain the necessary information to evaluate a potential accommodation. The burden was on

6

Plaintiff to provide adequate notice to Revature. Because she did not do so, she cannot state a claim for failure to accommodate.

> 4. <u>Even if covered by the ADA, Plaintiff has failed to state a claim for hostile environment because she has not pled severe or pervasive conduct.</u>

In its initial memorandum, Revature noted that after reviewing Plaintiff's Count Four for hostile environment (Dkt. 55-2 at 4 of 13), it appeared that the only conduct pled that could plausibly be the basis for that claim were two incidents in July 2021 which preceded her request for accommodation, and which were not sufficient to establish meet the "severe or pervasive." (*See* Dkt. 58 at 18.) Plaintiff's Opposition asserts that this was an incorrect (and unethical) reading of her claim — but then fails to actually explain the other conduct on which she relies to establish a hostile work environment. (*See* Dkt. 63 at 10-11.) Regardless of allegations to which Plaintiff is referring, her Fourth Amended Complaint has no allegations that would clear the "high bar" to establish "the workplace was permeated with discriminatory intimidation, ridicule and insult" relating to any protected status. *High v. Wells Fargo Bank*, 2023 WL 2505540, at *8 (E.D. Va. 2023). Plaintiff has not pointed to anything that would meet this standard. Consequently, this claim must be dismissed as well.

**B.** **<u>Plaintiff's Retaliation and Interference Claims Must Be Dismissed.</u>**

Plaintiff's remaining claims in Counts III, V, VI, and VII consist of claims of retaliation and interference under the ADA. Each of those claims is subject to dismissal both because Plaintiff did not exhaust administrative remedies and because she has not alleged sufficient facts to state these claims.

1. <u>Each of the retaliation and interference claims are subject to dismissal for failure to exhaust administrative remedies.</u>

As noted in the initial memorandum, the Court previously held that Plaintiff's EEOC Charge did not adequately preserve any of her claims for retaliation. (*See* Dkt. 38 at 13.) The same is true for her claims of interference, none of which were mentioned in the Charge. (*See* Dkt. 55-3 at 6-28 of 31.) Because Plaintiff relies on the same Charge in her Fourth Amended Complaint as in her prior complaints, these claims must be dismissed for failure to exhaust administrative remedies.

In her Opposition, Plaintiff responds to this argument by incorporating her "memo from August 8, 2024." (Dkt. 63 at 9.) In the referenced document, however, Plaintiff merely complained that Revature was re-raising arguments it had included in its Opposition to her Motion to Amend. (*See* Dkt. 61 at 7-8.)[4] Plaintiff did not provide in that brief any *substantive* opposition to the argument that her claims were precluded by not being raised in the Charge. Consequently, Counts III, V, VI, and VII should each be dismissed for failure to exhaust administrative remedies.

2. <u>Plaintiff has not adequately pled a retaliation claim for a pay reduction.</u>

As previously noted, Plaintiff's claim in Count III fails to state a claim because she did not engage in protected activity and there is no causal connection. After being warned several times that she needed to perform her assigned bench activities and still not completing those tasks, Plaintiff was provided a Deficiency Notice on September 23, 2021, which reiterated that Plaintiff had not been performing those activities and needed to start immediately. (Dkt. 55-3 at 16-18

---

[4] As noted in its Opposition to Plaintiff's frivolous Motion for Disciplinary Enforcement (Dkt. 64) there was nothing improper about Revature, by counsel, reasserting arguments in its Motion to Dismiss.

8

of 31.)  Plaintiff has alleged no facts to support an allegation that the Deficiency Notice was inaccurate.

Plaintiff allegedly responded to the Deficiency Notice with a baseless assertion that the "performance notice was simply to intimidate or harass her because of the disability." (Dkt. 55-2 at 3 of 13.)  However, because Plaintiff lacked a good faith basis for this allegation, any such assertion was not protected activity under the statute.

In her Opposition, Plaintiff appears to argue that the reason she was not performing her work was because management had been failing to respond to her emails. (Dkt. 63 at 9.)  However, even accepting the facts as pled, Plaintiff's complaints about not receiving a timely response to emails, seems to have pre-existed her request for accommodation or disclosure of any claimed disability. (*See* Dkt. 55-3 at 9 of 31 ("By July 27, 2021, I'd already reached out multiple times for multiple weeks about the panel with no schedule.").)  Consequently, the Fourth Amended Complaint provides no factual basis to suggest that Plaintiff's difficulties in getting responses from her supervisor were in any way related to her request for an accommodation.  As such, there is simply no factual basis to support Plaintiff's assertion that the accurate Deficiency Notice was provided to her because of her disability or request for accommodation (rather than her performance).  Since there was no basis for the complaint, it was not protected activity.

More importantly, even if the September 23, 2021 email were protected activity, the allegations do not plausibly show it was the "but-for" cause of the timesheet correction.  As noted, shortly after she received the Deficiency Notice (which correctly stated that Plaintiff had not been working), Plaintiff was instructed that her timesheet should show no compensable hours for the week of the notice.  Consistent with the understanding expressed in the Deficiency Notice, the

9

company was simply asking that Plaintiff's timesheet accurately reflect that she had not done any work during that week.

Importantly, Plaintiff does not argue that she actually did any client or bench work[5] during that time period that would entitle her to wages from Revature. (*See* Dkt. 63 at 10.) Since the timesheet was entirely consistent with the pre-complaint Deficiency Notice, there is no reason to believe that the timesheet correction was the result of Plaintiff's alleged communication on September 23.

Moreover, as previously noted, the allegations in the Fourth Amended Complaint fail to establish who Plaintiff believes was responsible for the rejection of her timesheet, and whether that person was *even aware* of the alleged communication of September 23. Because Plaintiff has not plausibly alleged a protected activity or causation, her retaliation claim in Count III must be dismissed.

3. <u>Plaintiff has failed to state claims for retaliation related to the rejection of her portfolio.</u>

The Court previously held that the rejection of Plaintiff's portfolio did not qualify as an adverse action because it did not materially affect the terms, conditions, or benefits of Plaintiff's employment. (*See* Dkt. 38 at 17.) Plaintiff argues in her Opposition that a different result is required for the Fourth Amended Complaint, because she has now added the allegation that "according to Defendant's policies, the portfolio approval was necessary for client eligibility." (Dkt. 63 at 11.) However, Plaintiff has not alleged that the rejection of the portfolio *actually* prevented her from being placed with a client. In fact, Plaintiff's own narrative shows that

---

[5] Plaintiff's Opposition appears to argue that she embarked on doing her own training during this time. Obviously, Plaintiff cannot engage in activities that have not been mandated or approved by Revature and then claim entitlement to wages for that period of time.

10

Revature was actively trying to place her with clients up until the end of her employment. (*See* Dkt. 55-3 at 25-26 of 31.) Plaintiff's termination from employment was because *Plaintiff* did not want to interview with the client Revature found for her — not because the portfolio rejection somehow prevented her from accepting the opportunity. (*Id.*) Because Plaintiff still has not alleged any actual material effect on the terms and conditions of her employment, the portfolio rejection does not constitute an adverse action.

Additionally, in its prior brief, Revature noted that Plaintiff had failed to demonstrate any protected activity in which she engaged, had a "but for" causal connection to her portfolio rejection. In her Opposition, Plaintiff provides some discussion on cases discussing the "but for" standard. (Dkt. 63 at 12-13.) However, <u>nowhere</u> in her Opposition does she point to allegations in the complaint that plausibly demonstrate that some (unidentified) protected activity was a "but for" cause of her portfolio rejection. (*See id.*) Consequently, this claim must be dismissed again.

        4.    <u>Plaintiff has not adequately pled interference based on the rejection of her portfolio.</u>

In its prior brief, Revature argued that the interference claim could not succeed because a temporary rejection of Plaintiff's work product is not a significant enough event to constitute interference. (Dkt. 58 at 19.) This is especially true given that Plaintiff was permitted to resubmit the portfolio and was allowed to easily fix the issue identified by simply adding the name of the client with whom she previously worked. (Dkt. 55-3 at 11 of 31.) In response, Plaintiff argues that the "portfolio was never approved" upon her resubmission. As best as can be discerned from her pleadings, Plaintiff allegation is that Revature never explicitly told her that the resubmitted portfolio was "approved"— but Plaintiff does *not* allege that Revature affirmatively rejected the

11

resubmitted portfolio like it did the first time; nor did the company penalize her for not having an "approved" portfolio. [6]

In addition, Plaintiff's claim fails because she has not plausibly alleged that Revature "engaged in this behavior in order to prevent h[er] from filing EEOC charges, requesting further accommodations, or pursuing another protected action under the ADA." *Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 171 (4th Cir. 2024). This is especially true given that following the alleged portfolio rejection, Revature <u>repeatedly</u> tried to engage Plaintiff in the interactive process. (*See, e.g.,* Dkt. 55-3 at 13 of 31 (on August 25, Revature provided forms for medical certification); *id.* at 15 of 31 (on September 7, 2021, Revature again asked Plaintiff to obtain and produce a doctor's note the accommodation that she was seeking); *id.* at 15-16 of 31 (on September 8, 2021, Revature emailed the forms to Plaintiff again); *id.* at 17 of 31 (on September 22, 2021, Revature emailed Plaintiff about the status of the ADA medical form); *id.* at 20 of 31 (on September 29, 2021, Revature emailed Plaintiff a final request for the forms).) As best as can be discerned, Plaintiff provided no response to this argument.

Consequently, Plaintiff's claims in Count V must be dismissed.

5. <u>Plaintiff has failed to state a claim for interference with her request for accommodation.</u>

As stated in the prior memorandum, four days *before* ever requesting an accommodation, Plaintiff read Revature's policies and unilaterally determined she was ineligible for pay and stopped submitting timesheets (which consequently caused her to not be paid). (Dkt. 55-3 at 8 and

---

[6] It is possible that Plaintiff is suggesting in her Opposition that "[n]o client interview was scheduled for me from [the rejection of the portfolio] until the time I was terminated" because the portfolio was not approved. If so, it is disingenuous. Plaintiff's own allegations demonstrate that Revature was attempting to set up an interview between her and a client in November 2021 when Plaintiff indicated she was not interested in the opportunity.

13 of 31.) When Plaintiff complained about her lack of pay, Revature notified her that she needed to submit timesheets to be paid, and she was, thereafter, paid for the time she submitted. (*See id* at 7, 10, and 13 of 31.)

Given that the bench policy was provided to Plaintiff (and she stopped submitting timesheets) *before* the request for accommodation was even made, and that any delay in payment was the result of Plaintiff's own failure to submit her timesheets, there is no plausible basis for claiming Revature did anything to "interfere with" Plaintiff's rights or that Revature was motivated by discriminatory intent. Plaintiff provides no coherent argument to dispute this conclusion in her Opposition, because there is none. Consequently, her claim in Count VI must be dismissed.

6. <u>Plaintiff has failed to state a claim for interference based on Revature's enforcement of its policies.</u>

Plaintiff's final claim in Count VII is for interference based on the failure to respond to Plaintiff's complaints about her supervisor, Antony. As previously noted, Plaintiff has not alleged sufficient facts to even make out a discernable claim.

For example, the Fourth Amended Complaint simply does not identify what internal complaints Plaintiff made about Antony upon which that this claim is based. In her Opposition, Plaintiff provides nine bullet points of facts (without citation to the complaint) that supposedly support this claim, but none of them clearly reference a complaint about Antony. Only two bullet points seem even remotely related to the claim. The fourth bullet point in the Opposition states:

> August 8 – With no response, I reached out to HR again explaining that I still hadn't heard from the manager, or the panel team

(Dkt. 63 at 18.) Plaintiff provides no citation to the Fourth Amended Complaint and, upon inspection, there does not appear to be a reference to the August 8, 2021 email, making this bullet point irrelevant to the instant Motion.

13

The fifth bullet point in the Opposition states:

> August 10- Still no response, I wrote to HR and management about "abusive behavior" telling them I felt "legal obligations" were being ignored.

(*Id.*)  As best as can be discerned, that bullet point is reference to the following communication alleged in the Fourth Amended Complaint:

> On August 9th, when she still hadn't heard anything back from anyone in HR about the reasonable accommodation request, or her manager about day-to-day responsibilities, despite reaching out multiple times to both parties, she received a 'panel invite' at 3:40pm that was open until 5:00pm, so zero notice and only open for the last hour of the day.
>
> On August 10th, Plaintiff wrote back, with management and HR copied, explaining that she needed HR to address concerns with some reasonable level of resolve and acknowledgement and she felt this was abusive. Further explaining, just as it would be unacceptable for me to disregard my ethical and legal obligations, it is similarly unacceptable for Revature staff to ignore legal and ethical obligations.

(Dkt. 55-1 at 3 of 8 (spacing added).)  The best interpretation of the above is that Plaintiff's August 10 email was a complaint about *HR's failure* to respond to the accommodation request quicker — not a complaint that Antony was acting in an abusive manner.  No other bullet points in the Opposition appear to have anything to do with complaints about Antony.  Given the failure to clearly identify the complaints that were allegedly not responded to by Revature, Count VII must be dismissed.

Furthermore, the claim further fails because neither Count VII nor the Opposition identify the specific company policy at issue or how Revature allegedly failed to comply.

Moreover, even if Plaintiff had pled these facts, it is not clear how a slow response by HR to a complaint would show that "defendants coerced, threatened, intimidated, or interfered on account of [Plaintiff's] protected activity."  In sum, Count VII must be dismissed.

14

C.     **The Fourth Amended Complaint Should be Dismissed with Prejudice.**

As noted, because any additional amendments will be futile, Plaintiff's Fourth Amended Complaint should be dismissed with prejudice and she should be denied any further leave to amend. Although Plaintiff opposes such a prejudicial dismissal, she offers no reason to believe a future amendment would be more successful than the prior ones.

Revature respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

Dated: August 26, 2024                                     Respectfully submitted,

                                                          /s/ Micah E.  Ticatch
                                                   Edward Lee Isler, Va. Bar No. 27985
                                                   Micah E. Ticatch, Va. Bar No. 83351
                                                   ISLER DARE, P.C.
                                                   1945 Old Gallows Road. Suite 650
                                                   Vienna, Virginia 22182
                                                   Phone: (703) 748-2690
                                                   Facsimile: (703) 748-2695
                                                   eisler@islerdare.com
                                                   mticatch@islerdare.com

                                                   *Counsel for Defendant Revature LLC*

15

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of August 2024, I emailed the foregoing document by to *pro se* Plaintiff:

                              Danielle Taylor
                              3622 Old Silver Hill Road, #908
                              Suitland, MD 20746
                              t842202@gmail.com


                                  /s/ Micah E. Ticatch
                              Micah E. Ticatch, Va. Bar No. 83351
                              ISLER DARE, P.C.
                              1945 Old Gallows Road. Suite 650
                              Vienna, Virginia 22182
                              Phone: (703) 748-2690
                              Facsimile: (703) 748-2695
                              mticatch@islerdare.com

                              *Counsel for Defendant Revature LLC*