IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2024 AUG 28  A 9: 57

Taylor
Plaintiff )
Vs. )
) # 1:22-cv-1153
Revature LLC. )
Defendant

IN FURTHER SUPPORT OF DISCIPLINARY ENFORCEMENT

I. INTRODUCTION

Defendant's attorneys should have used their most recent responses to fully correct themselves. Instead, Defendant's 8/22/24 filing compounds the ethical problems.[1] This Court should order Defendant to respond to the claims, ethically, on the new docket, and take steps to assess the extent of the ethical violations on the record as a whole, or at least as a whole in relation to their 2024 filings.

II. RELEVANT FACTS

On September 28, 2023 this Court dismissed the complaint from October 2022 without prejudice, granting me permission to refile, within 30 days, a revised version of the complaint. I did so, timely. On November 13, 2023 Defendant argued the revision would not withstand a 12(b)(6) on issues of definitions and administrative remedies. On November 20, 2023, I responded with an explanation of why Defendant's arguments were wrong. On May 15, 2024,

---

[1] Although the Defendant's filing from 8/26/24 is relevant to the discussion, I recognize I need permission to discuss 8/26/24 filing so as not to have an improper sur-reply. Thus, I will refrain from such discussion until expressly granted permission.

1

this Court ruled in my favor. Although the order was not lengthy, it was expressly based on the briefs- "having reviewed the parties' briefings on the Motion". On August 2, 2024, Defendant re-filed the exact same arguments from November 13, 2023, largely did not acknowledge added factual allegations, and put forth misstatements of the law.

On August 8, 2024 I filed a motion for disciplinary enforcement. This motion identified Local Civil Rule 83.1(L), FRDE RULE IV, FRDE RULE V. The memo identified Rule 3.1 of the Virginia Rules of Professional Conduct. The memo included a facts section. The argument talked about why the Court should consider Defendant's position on definitions and administrative remedies as bad faith arguments. According to comment 2 on page 174, bad faith arguments are part of the legal standard for Rule 3.1 violations.

On August 22, 2024 Defendant filed a response, claiming their conduct was not unethical and it was me who was making frivolous claims against them. However, this memo, unlike my memo, did not identify anything specific that was allegedly frivolous. Further, Defendant's memo claimed

1. The 9/28/23 order applies here.
2. The Court's May 15, 2024 order doesn't apply to their arguments on definitions and administrative remedies.
3. Even if the May 15, 2024 order does apply, the Court was hearing a 15(a)(2) before, and now it's hearing a 12(b)(6) so they should be able to reuse the argument because those are two different rules.

Also present in Defendant's August 22, 2024 filing are accusations that my filings warrant sanctions against me, although that too is not discussed in any detail.

III. <u>ARGUMENT</u>

2

### *1. Defendant's frivolousness*

Rule 3.1 states a lawyer shall not bring it, to defend a proceeding or assert/controvert an issue unless there is a legal or factual basis that is not frivolous. Comment 2 on page 174 provides context for why I discussed Defendant's 'bad faith' in my argument. Comment 2 says the action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person, or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

### *A. The 9/28/23 order does not apply to Defendant's August 2, 2024 memo*

The Court would have denied the revision on 5/15/24 if the 9/28/23 order applied to Defendant's exact same arguments for the issues of definitions and remedies from November 13, 2023.

### *B. It is a bad faith argument to say the Court's May 15, 2024 order didn't apply to the issues of definitions and administrative remedies.*

If they were making a good faith argument, they would have acknowledged the order ruled against their position but didn't go into detail. In other words, they could have challenged the order in a way that accurately represented the order, but they chose not to. This is the problem. The way Defendant's attorneys went about it, I think it is misrepresenting the Honorable Judge Porter. Saying the order doesn't even apply to the arguments, seriously?! Then what was their brief about??

The May 15, 2024 order *did* cover Defendant's arguments on Definitions and Administrative Remedies. The Court's order was expressly based on the briefs- "***having reviewed the parties' briefings on the Motion***". (This Court's May 15, 2024 order). ***The only brief that Defendant***

3

*<u>submitted for that was entirely focused on the exact same arguments for the issues of definitions and administrative remedies.</u>*

It was simple to make a good faith argument with the way the Court set it up for them. A good faith argument would have added something to distinguish it from the previously rejected arguments but they didn't do anything like that on August 2, 2024.

> C. *It is a terrible faith argument to say the Court was hearing a 15(a)(2) before, and now it's hearing a 12(b)(6), so the reuse is permissible because those are two different rules.*

Substantively, based on the details of this case, Defendant's argument here- it's worthless. I am surprised they went here. Defendant's 15(a)(2) opposition was literally arguing the 12(b)(6) standard. The 15(a)(2) argument was a 12(b)(6) analysis(See Defendant's filing from November 13, 2023).

In other words, what they resubmitted on August 2, 2024, is the same from November 13, 2023- I've already responded to that, and the Court has already rejected it- All under the 12(b)(6) standard. If this Court was willing to accept Defendant's exact same, previously used positions on definitions and administrative remedies, the Court would not have granted the amendment in the first place.

## 2. <u>Defendant's accusations that my filings are allegedly frivolous and allegedly warrant sanctions</u>

Defendant makes a claim that I have put forth the motions for disciplinary enforcement in a frivolous manner. However, Defendant does not discuss the actual standards for frivolousness as it relates to sanctions against a Plaintiff, or the exact reasons for their claims. However, in all areas where I have identified frivolousness, I have included specific rules and why I think specific facts match those rules.

4

I know I have made good faith arguments by identifying facts and matching those facts to identified rules. I know Defendant's attorneys are not following the rules. I have done my best to begin laying out specifically where I think the violations are. If I need to make a more definite statement on something, just make a specified order and I will do my best to explain.

I have nothing to gain from making frivolous arguments. Defendant attorneys however are likely getting more and more money for each document they file- irrespective of the work product's adherence with the rules.

The way Defendant's attorneys have repeatedly threatened Rule 11 Sanctions in response to my ethics concerns, without any specified basis, seems like an attempt to intimidate me from continuing to make complaints about their conduct. Like 'oh you are going to say our arguments are frivolous, well then we will say it right back to you'. It reads like a retaliatory threat because I took the time to outline where and why I think ethical violations are but they did not do the same.

## V. **CONCLUSION**

There is a problem here. I don't think it's appropriate to ignore merits simply because I'm pro se. Defendant is not excused from professional standards because I am pro se. On 8/2/24, Defendant chose to reuse the exact same arguments on two issues, even though those exact arguments were previously rejected for those two issues. I explained it as bad faith because Defendant added nothing new to qualify or challenge those issues. Defendant's 8/22/24 response to my motion for disciplinary enforcement did nothing to correct the error but proffered more bad faith.

I need to address the 8/26/24 filing but cannot do so without causing a sur-reply so I am filing leave in order to fully respond to the ethical problems stemming from defendants 8/2/24 filing.

## CERTIFICATES

### A. Truthfulness

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

Date: August 28th, 2024

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: *Danielle Taylor*