IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2024 AUG 28  A 9: 57

Taylor
Plaintiff         )
Vs.               )
                  )   # 1:22-cv-1153
Revature LLC.     )
Defendant

## Memorandum ~~MOTION~~ FOR SUR-REPLY PERMISSION

## I. INTRODUCTION

I have much to say regarding Defendant's 8/26/24 filing. I am seeking leave to write a sur-reply even though their filing should be deemed untimely (See Exhibit A).

## II. RELEVANT FACTS

1. 8/2/24 Defendant filed a motion to dismiss on this docket even though it remains closed.

2. On 8/19/24 I filed a response.

3. On 8/26/24, Defendant filed a response after the Court's business hours had closed for the day. (SEE EXHIBIT A)

## III. STANDARD OF REVIEW

Local Civil Rule 7(F) states the following:

"the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service and the moving party may file a reply brief within six (6) calendar days after the service of the opposing party's response brief. The fourteen (14) and six (6) calendar day periods for response and reply briefs shall apply without regard to, and are not expanded by, the mode of service used

1

for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d). No further briefs or written communications may be filed without first obtaining leave of Court."

## IV. ARGUMENT

Defendant's 8/26/24 memo should be deemed untimely because it was filed after the close of business hours on the last day of their calendar window (See Exhibit A). However, I am asking permission to respond. Local Civil Rule 7(F)(1) says it would be improper to discuss the 8/26/24 memo without seeking leave to file a sur-reply. Thus, I ask this Court to grant leave so that I can discuss Defendant's 8/26/24 filing as it relates to ethics.

## V. CONCLUSION

The legal reasoning of my sur-reply will discuss Defendant's 8/26/24 Memorandum as it relates to the duty of candor and the duty of merit. My 8/19/24 response outlined serious issues with Defendant's 8/2/24 filing. Defendant should have strict orders to respond, ethically, to the complaint on the new docket. The ethical problems here should not be overlooked.

2

## CERTIFICATES

### A. Truthfulness

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

Date: August 28th, 2024

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: *[signature]*