IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIELLE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-1153 (RDA/WBP) |
| ) | |
| REVATURE LLC, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM ORDER</u>**

Before the Court are Plaintiff's two Motions for Disciplinary Enforcement ("Motions"; ECF Nos. 45 and 60),[1] filed on May 24, 2024, and August 8, 2024, respectively. On August 22, 2024, Defendant opposed the Motions (ECF No. 64), and on August 28, 2024, Plaintiff replied to Defendant's opposition. (ECF No. 66.) Having reviewed the Parties' briefings on the Motions and it otherwise being proper so to do, for the reasons stated below, Plaintiff's Motions are DENIED.

In her Motions, Plaintiff asks the Court to take "appropriate disciplinary measures" against Defendants for supposed violations of Rules 1.1, 3.1, 3.3, and 3.4 of the Virginia Rules of Professional Conduct. (ECF No. 46 at 2-5.) According to Plaintiff, Defendant violated these rules by citing cases in its opposition to her motion for leave to amend "without any valid legal or factual basis." (ECF No. 45 at 2-4.) Plaintiff also contends that Defendant violated Rule 3.3 by advancing frivolous arguments that had been rejected by the Court in its May 15, 2024, Order.

---

[1] Plaintiff also filed a Motion for Disciplinary Enforcement on May 24, 2024. (ECF No. 45.) Plaintiff refers to the second Motion for Disciplinary Enforcement as a "new motion for disciplinary enforcement. (ECF No. 60 at 1.) Both Motions are substantively the same, so this Order addresses them together.

(ECF No. 61 at 4-5.) Plaintiff's arguments are wrong because she appears to misunderstand the prior proceedings here and the import of the Court's May 15, 2024, Order. *See Scott v. Lori*, No. CV ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (denying pro se motion for sanctions concerning merits of motion to dismiss because defendants were entitled to assert legal defenses to the complaint).

On September 28, 2023, United States District Judge Rossie D. Alston issued a memorandum opinion and order granting Defendant's motion to dismiss Plaintiff's Complaint. (ECF No. 38.) In his memorandum opinion and order, Judge Alston allowed Plaintiff to ask the Court for leave to file an amended complaint, so long as any amended complaint contained a "plain statement of the facts in compliance with Federal Rule of Civil Procedure 8." (*Id.* at 23.)

On October 27, 2023, Plaintiff filed a motion for leave to amend her complaint. (ECF No. 39.) Defendant opposed Plaintiff's motion on November 13, 2023 (ECF No. 41), arguing, among other things, that it would be futile to allow Plaintiff to file an amended complaint because Plaintiff's proposed amended complaint failed to cure the legal deficiencies identified by Judge Alston when he dismissed her original complaint.

In granting leave to amend, it is fully within "the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 219-cv-00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020). Indeed, courts often will not address futility arguments when granting leave to amend. *See Aventis Cropscience N.V. v. Pioneer Hi-Bred Int'l*, Inc., No. 1:00CV00463, 2002 WL 31833866 (M.D.N.C. Dec. 12, 2002) ("As noted earlier, the Court will often defer futility arguments until formal motions to dismiss or summary judgment are filed") and *Epps v.*

2

*Scaffolding Sols., LLC,* No. 2:17-CV-562, 2019 WL 11254781, at *2 (E.D. Va. Jan. 4, 2019) (granting leave to amend and finding futility arguments in leave to amend would be better resolved through dispositive motion).

On May 15, 2024, the undersigned granted Plaintiff's motion for leave to file an amended complaint simply because she had "satisfied the Court's Opinion and Order to include a chronological, plain statement of the facts." (ECF No. 44.) It is clear from the four corners of the May 15, 2024, Order that, in allowing Plaintiff to file her amended complaint, the undersigned made no rulings as to the sufficiency of the amended complaint or as to Defendant's futility argument. Therefore, this Court's May 15, 2024, order allowing Plaintiff to file an amended complaint was *not* a decision about the merits of Plaintiff's amended complaint. *See E.R.L. by & through Doe v. Adoption Advoc., Inc*., No. CV 9:21-00479-RMG, 2021 WL 10330394, at *3 (D.S.C. May 28, 2021) ("The granting of the motion for leave to amend should not be interpreted as a ruling on the merits of any potential dispositive motion.") Quite the opposite, the undersigned granted Plaintiff's motion for leave to amend so Plaintiff could have the opportunity to replead her cause of action and so Defendant could challenge her cause of action through a motion to dismiss. *See Trice v. Oliveri & Assocs., LLC*, No. CV GLR-19-3272, 2020 WL 13042296, at *2 (D. Md. Nov. 5, 2020) (stating that leave to amend is consistent with the policy of disposing of issues based on merits rather than on technicalities); *Rambus, Inc. v. Infineon Tech*., AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("[T]he substantive merits of a proposed claim are typically best left for later resolution[.]").

Because the undersigned made no rulings as to Defendant's futility argument, Defendant is not prohibited from asking Judge Alston to dismiss the amended complaint. *See Jaguar Land Rover Ltd. v. Bentley Motors Ltd*., No. 2:18-cv-320, 2021 WL 755479, at *1 (E.D. Va. Feb. 16,

2021) (Rule 12(b)(6) standard is only applicable in leave to amend when leave to amend is *denied* based on futility).

Based on the above, and because it is otherwise proper to do so, it is hereby ORDERED that Plaintiff's Motions for Disciplinary Enforcement (ECF Nos. 45, 60) are DENIED.

Entered this 30th day of August 2024.

Alexandria, Virginia

_____
William B. Porter
United States Magistrate Judge

4