IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Taylor
Plaintiff )
Vs. )
) # 1:22-cv-1153
Revature LLC. )
Defendant

---

MEMO FOR RECONSIDERATION

I. INTRODUCTION

I acknowledge I was wrong about Defendant's 12(b)(6) on a 15(a)(2). Now, will the Court acknowledge the Rohan mistake? The Court has misapprehended my position by omitting claims I raised. I'm also asking the Court to consider the new arguments I presented on 8/19/24.

II. RELEVANT FACTS

1. May 24, 2024 I filed a motion for disciplinary enforcement.

2. June 7, 2024 Defendant filed an opposition for disciplinary enforcement.

3. June 12, 2024 I filed a response to Defendant's opposition on disciplinary enforcement.

4. August 2, 2024 Defendant filed a motion to dismiss my claims.

5. August 8, 2024 I filed another motion for disciplinary enforcement based on the August 2, 2024 motion to dismiss.

6. August 19, 2024 I filed a response to Defendant's motion to dismiss.

7. August 22, 2024 Defendant opposed the disciplinary enforcement.

8. August 26, 2024 I filed a response to Defendant's opposition explaining I couldn't fully respond to the ethics claims without causing a sur-reply on the motion to dismiss.

1

9. August 26, 2024 I filed leave request so I can write a sur-reply to defendant's motion to dismiss.

10. On August 30, 2024 this Court denied both motions for disciplinary enforcement.

III. STANDARD OF REVIEW

Where a district court issues an interlocutory order "that adjudicates fewer than all of the claims," the court retains discretion to revise such order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). *Carlson v. Boston Scientific Corp*. 856 F. 3d 320 - Court of **Appeals**, 4th Circuit, 2017.

In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments[23] or evidence,[24] or whether the *620 court has "obviously misapprehended a party's position or the facts or applicable law. *Lynn v. Monarch Recovery Management, Inc*. 953 F. Supp. 2d 612 - Dist. Court, D. Maryland, 2013.

IV. ARGUMENT

The Court has misapprehened my position by omitting the following:

- Repeated misrepresentation of the procedural record.
- Misrepresentation of the facts in Rohan.
- Misleading legal argument with the substance of Rohan
- Failure to disclose controlling precedent that's adverse to their clients position. The Summers case. (My memo from June 12, 2024)

*I also ask the Court to consider the new arguments* in my response to Defendant's pending Motion to dismiss. My memo from August 19, 2024- in response to Defendant's 8/2/24 filing.

- Misrepresentation on factual allegations
  - Defendant's claim that the complaint does not allege that I could do the job

2

- Defendant's omission of pled facts on management and HR employees not answering my communications under reasonable expectations of employer on discriminatory discharge
- Defendant's omission on pled facts for inference of discrimination on Discriminatory discharge
- Defendant's omission on pled facts for notice on reasonable accommodations
- Defendant's omission on pled facts for performance deficiency notice on protected activity
- Defendant's omission on pled facts for hostile environment
- Defendant's omission on pled facts for Adverse action (Retaliation Portfolio Rejection)
- presentation of the
- Misleading argument about retaliation causation standard- and again doubling down on Court's mistake instead of correcting it, or at least arguing the proper standard themselves.
- Defendant's intentionally misleading argument on me having a faulty interpretation of the policy for panel being required for pay eligibility (see EXHIBIT A )
- Defendant's claim the complaint contains no factual allegations that I suffered any loss of wages (interference)
- Defendant's omission on pled facts for interference by not enforcing company policy on discrimination.

## V. <u>CONCLUSION</u>

Exhibit A is a copy of the bench memo policy where it clearly states that passing the panel was necessary for pay. Also underscores that email was the expected form of communication.

Even with the Defendant's argument that some post ADAA cases have called into question substantially limits- cite *those* cases. Again- even with the argument that some post ADAA cases have called into question substantially limits- cite on *those* cases, argue the facts of those cases. There was no legitimate reason for this Court to rely on Rohan. There was no legitimate reason for Defendant to try arguing the facts of Rohan here. The Court's reverence of Rohan and Defendant's arguments about it- it sexualizes my claims. It should go without saying- I do not welcome this type of conduct.

3

# CERTIFICATES

## A. Truthfulness

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

## B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

Date: August 31, 2024

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: _[signature]_