IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIELLE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01153 (RDA/WBP) |
| | ) |
| REVATURE LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's, *pro se*, Motion for Recusal. ("Motion"; ECF No. 77.) In her Motion, Plaintiff asks the undersigned to recuse himself for reasons arising from the Court's May 15, 2024, Order on Plaintiff's motion to amend her Complaint. (ECF No. 44.) The Court granted Plaintiff the relief she sought; still Plaintiff specifically asks the undersigned to recuse himself because (1) he authored the Order and did not respond to Plaintiff's "objections to it," (2) the Order gave Defendant additional time to respond to the Amended Complaint, and (3) the Order directed Plaintiff to file her Amended Complaint on the docket sheet, even though it was attached as an exhibit to her Motion to Amend (ECF No. 39), and this cost Plaintiff extra time and money. (ECF No. 78 at 2.)

Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The Supreme Court has made clear that section 455(a) carries an "extrajudicial source" limitation, meaning bias or prejudice must "stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Litkey v. United States*, 510 U.S. 540 (1994)).

Further, 28 U.S.C. §455 provides specific scenarios that mandate a judge's recusal, including:

> (1) Where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) [The judge] knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) [The judge] or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

The Court finds that none of the specific scenarios set forth above apply here, and nothing exists in the record or outside the judicial proceeding indicating that the undersigned's impartiality may be reasonably questioned. The undersigned will not grant a recusal motion

simply because a party is unhappy with his prior rulings or because a party has an unsupported speculation about impartiality. *See e.g.*, *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not . . . required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation.") (internal citation omitted).

    For these reasons, it is ORDERED that Plaintiff's Motion is DENIED.

    Entered this 16th day of December 2024.

                                                             William B. Porter

Alexandria, Virginia                                             United States Magistrate Judge