**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| DANIELLE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01153 (RDA/WBP) |
| | ) | |
| REVATURE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's, *pro se*, Motion for Reconsideration. ("Motion"; ECF No. 71.) In her Motion, Plaintiff asks the Court to reconsider its August 30, 2024, Memorandum Order (ECF No. 70) denying her Motions for Disciplinary Enforcement (ECF Nos. 45, 60). Plaintiff contends that the Court must have misunderstood her position because, in its Order, the Court did not discuss how (1) Defendant misrepresented the procedural record; (2) Defendant misrepresented the facts in *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004); (3) Defendant misled the Court with its legal arguments; and (4) Defendant failed to disclose precedent adverse to its position. (ECF No. 72 at 2.) Defendant summarily opposes the Motion, arguing that Plaintiff does not meet the high standard for reconsideration.

A court may exercise discretion to afford relief from its interlocutory orders "as justice requires." *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 463 (E.D. Va. 2011), *on reconsideration in part* (July 7, 2011) (quoting *Fayetteville Investors v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). A court must grant a motion for reconsideration to account for new evidence, accommodate an intervening change in controlling law, or correct a clear error of

law and prevent manifest injustice. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

The Court finds that none of these scenarios apply here because no new evidence has been introduced,[1] there has been no intervening change in controlling law, and Plaintiff has failed to show a clear error in the Court's August 30, 2024, Memorandum Order. (ECF No. 70.)

For these reasons, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

Entered this 16th day of December 2024.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia

---

[1] While Plaintiff references an exhibit in her Motion, she does not otherwise use it to support her Motion. Instead, the exhibit appears to relate to her opposition to Defendant's pending Motion to Dismiss. (ECF Nos. 72 at 2; 72-1.)