IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Danielle Taylor,

                  )

PLAINTIFF           )

                  )

v.                  )          Case No. 1:22-cv-1153(RDA/WBP)

                  )

REVATURE LLC,      )

DEFENDANT      )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION TO DIRECT THE CLERK TO FILE

### FACTS

1. On March 2, 2026, a motion to vacate with supporting documents was sent to the Clerk at the following address: 401 Courthouse Square, Alexandria VA 22314.
2. Opposing counsel was also sent a copy of the motion to vacate with supporting documents on March 2, 2026.
3. On March 6, 2026, a motion to vacate with supporting documents was delivered to the Court. EXHIBIT A.
4. On or around March 16, 2026, my car, where I was living, was stolen, robbed of all its contents and set on literal fire.
5. On or around April 10, 2026, I was reunited with the fire burned car where partially burned copies of my legal filings from this case were left for me to find.
6. On or around April 16, 2026 I reached out to opposing counsel from a new email address explaining my situation.
7. As of June 26, 2026, the Clerk has not filed the documents and I have not heard back from opposing counsel.

### LEGAL BASIS

1. The Supreme Court of the United States establishes that a clerk's physical receipt of a document satisfies the filing requirement. A clerk's subsequent failure to docket it, file-stamp it, or process a fee immediately does not strip the litigant of their filing date. *Lachance v. Erickson*, 522 U.S. 262 (1998). *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955)

### RELIEF SOUGHT

**Plaintiff asks this Court to Direct the Clerk to File the documents that were received on March 6, 2026. Or Alternatively, issue a stay preserving the original March 2026 dates as those dates were timely.**